J-S05016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVEN KARPINSKI | : | |
| | : | |
| Appellant | : | No. 750 WDA 2017 |

Appeal from the Judgment of Sentence March 6, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009329-2016

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                         **FILED JUNE 5, 2018**

Steven Karpinski appeals from the judgment of sentence imposed March 6, 2017, in the Allegheny County Court of Common Pleas.  The trial court sentenced Karpinski to a term of 45 to 120 months' imprisonment following his guilty plea to one count of possession of child pornography.[1]  On appeal, Karpinski challenges the discretionary aspects of his sentence.  For the reasons below, we affirm.

The facts underlying Karpinski's guilty plea are summarized in the affidavit of probable cause as follows.[2]  After Karpinski was released from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. § 6312(d).

[2] During the plea hearing, Karpinski waived a reading of the facts and stipulated to those recounted in the affidavit of probable cause.  **See** N.T., 12/12/2016, at 9.

prison for a previous conviction of possession of child pornography, and while he was still on probation for that offense, he moved in with Darrell and Rebecca Bigrigg. In March of 2016, after Karpinski left the residence, Darrell was moving an old chest freezer when a laptop and several DVD's and CD's fell out of the motor and wiring compartment. Rebecca recognized the computer as belonging to Karpinski, and also recognized his handwriting on the DVD's and CD's. Knowing Karpinski was not permitted to possess these items as a condition of his probation, Rebecca turned the materials over to the police. After obtaining a search warrant, the Pennsylvania State Police viewed the DVD's, and found they contained videos and images of child pornography. The police also identified Karpinski's latent prints on several of the DVD's. They subsequently interviewed Karpinski, who admitted hiding the materials in the motor compartment of the freezer, and viewing the images while he lived with the Bigriggs. **See** Criminal Complaint, 7/14/2016, Affidavit of Probable Cause at 2-5.

Karpinski was arrested and charged with one count of possession of child pornography. On December 12, 2016, he entered a guilty plea, in exchange for which the Commonwealth agreed to not seek a mandatory minimum sentence.[3] That same day, Karpinski also pled guilty to charges of sexual

_____

[3] **See** 42 Pa.C.S. § 9718.2(a)(1) (providing for mandatory minimum 25 years sentence when a defendant is convicted of a second sexual offense).

- 2 -

abuse of children, possession of child pornography, and indecent assault[4] for an unrelated incident at Docket No. 2016-218.

On March 6, 2017, Karpinski appeared for sentencing on the present conviction, the conviction at Docket No. 2016-218, and the probation violation for his previous conviction at Docket No. 2014-10642. As noted above, on the charge of possession of child pornography at issue herein, the trial court sentenced Karpinski to a term of 45 to 120 months' imprisonment. Although the minimum sentence fell within the standard guidelines range, the court imposed the statutory maximum sentence permissible.[5] On March 16, 2017, Karpinski filed a timely post-sentence motion seeking modification of his sentence only in the present case. The trial court denied the motion on April 24, 2017, and this timely appeal followed.[6]

Karpinski's sole issue on appeal is a challenge to the discretionary aspects of his sentence. When considering such a claim, we must bear in mind:

---

[4] **See** 18 Pa.C.S. §§ 6312(d) and (d), and 3126(a)(7), respectively.

[5] On the probation violation case, the court imposed an aggregate consecutive sentence of 10 to 20 months' imprisonment, followed by five years' probation. At Docket No. 2016-218, the court sentenced Karpinski to an aggregate term of five years' probation, to run concurrent with the probation violation tail. Karpinski did not appeal the sentences imposed on those two cases.

[6] On May 25, 2017, the trial court ordered Karpinski to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting and being granted several extensions of time, Karpinski complied with the court's directive, and filed a concise statement on October 30, 2017.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Furthermore, it is well-settled that:

[a] challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Prior to reaching the merits of a discretionary sentencing issue:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Grays*, 167 A.3d 793, 815–816 (Pa. Super. 2017) (some citations omitted), *appeal denied*, 178 A.3d 106 (Pa. 2018).

In the present case, Karpinski complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether he has raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific

provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).  Here, Karpinski argues the sentence imposed by the trial court, was "manifestly unreasonable" without adequate consideration of the sentencing factors set forth in Section 9721(b) of the Sentencing Code. Karpinski's Brief at 9, *citing* 42 Pa.C.S. § 9721(b).  In particular, he asserts the court failed to consider his rehabilitative needs when it imposed the statutory maximum sentence.  ***See id.***  Moreover, Karpinski maintains the trial court focused solely on "retribution and the seriousness of the crime when these factors are already taken into consideration in the guidelines."  ***Id.*** at 10.

An allegation that the trial court failed to consider the "relevant sentencing criteria" set forth in Section 9721(b) raises a substantial question for our review.  ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013).  Similarly, "a claim the trial court focused solely on the nature of the offense … presents a substantial question."  ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014).  Accordingly, we may proceed to an examination of Karpinski's argument on appeal.

As noted above, Karpinski insists the sentence imposed by the trial court was manifestly excessive.  He notes that "[w]hile the minimum term is within

the standard range the maximum term is the statutory maximum." Karpinski's Brief at 12. Relying on **Commonwealth v. Coulverson**, 34 A.3d 135 (Pa. Super. 2011), Karpinski argues the comments by the trial court, at sentencing, demonstrate the court placed an "intense focus on the nature of the crime to the exclusion of any other sentencing factors," and, in fact, made "no mention of his psychological issues" or potential for rehabilitation. **Id.** at 16-17. Because the trial court failed to consider all the relevant sentencing factors, Karpinski contends he is entitled to a remand for a new sentencing hearing.

Preliminarily, we note that when a sentence is imposed within the guidelines range, this Court should vacate it only if we find "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Furthermore, where, as here, the trial court had the benefit of a pre-sentence investigation report, "we can assume the [] court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (quotation omitted). Indeed, with regard to Karpinksi's mental health, defense counsel specifically argued Karpinski had struggled with mental health issues since he was 12 years old, which was when his house burned down, resulting in the death of his father and older brother. **See** N.T., 3/6/2017, at 4. Counsel also emphasized Karpinski had family support, and

accepted responsibility for his actions. *See id.* at 5. Therefore, the trial court was well aware of these factors when imposing sentence.

After hearing argument on all three cases, the court made the following comments:

> Mr. Karpinski is both a convicted violator and a technical violator. The nature of his convicted violation is quite concerning, and the depth of his sexual deviance is also quite concerning.
>
> On the new attributable offense, [Docket No. 2016-9329], I will impose a sentence in the standard range but with a long tail given my concerns about his treatment needs in particular as well as the safety of the community and impose a sentence of 45 to 120 months.

*Id.* at 8-9. The trial court elaborated on the reasons for its sentence in its opinion:

> After his first offense, [Karpinski] was afforded the opportunity to be supervised in the community under charge specific special conditions that included, *inter alia*, a mental health treatment protocol designed for sex offenders and a restriction prohibiting him from using devices with internet access. His ongoing conduct in this case not only violated his probation in the earlier case, but also demonstrates [Karpinski] is not amenable to rehabilitation within the community. Even with the intensive supervision afforded to [Karpinski] through the Allegheny County Sex Offender specialty court, [Karpinski] continued to engage in the same conduct.
>
> At the sentencing hearing this Court considered the Pre-Sentence Report and sentencing factors listed in 42 Pa.C.S. § 9721(b). While on probation with this Court for similar offenses, [Karpinski] hid his laptop along with DVDs and CDs containing images of child pornography inside the wiring of a freezer chest and these items were only discovered when the freezer was moved. This Court's 45 to 120 month sentence starts in the standard range of the Sentencing Guidelines but contains a long tail indicative of this Court's concern for both his need for treatment in a secure environment as well as the safety of the community.

Trial Court Opinion, 11/1/2017, at 5.

We detect no abuse of discretion on the part of the trial court. Contrary to Karpinski's claim, the court did not focus solely on the nature of the crime, nor did it ignore his rehabilitative needs. Rather, the trial court recognized Karpinski had been convicted of the same crime before, and, despite the opportunity to serve his sentence in the community on probation, was unable to conform his behavior under the law. Indeed, his current offense grew out of his elaborate attempt to hide child pornography he continued to possess and view while on probation for his prior offense. Accordingly, the court's imposition of a standard range minimum sentence was reasonable.

Nor do we agree with Karpinski's assertion that this Court's decision in *Coulverson*, *supra*, compels a different result. In that case, the defendant entered an open guilty plea in four separate cases to 18 charges - including rape, robbery, and burglary - for his participation in a two-day crime spree. The trial court imposed an aggregate sentence of 18 to 90 years' imprisonment. As here, the minimum sentences were imposed in the standard range of the guidelines, but the maximum terms were the statutory maximum available under the law, and ordered to run consecutively, which resulted in the 90-year maximum term. *See Coulverson*, *supra*, 34 A.3d at 139.

On appeal, a panel of this Court concluded the maximum sentence imposed was "'clearly unreasonable' within the meaning of 42 Pa.C.S. § 9781(c)." *Id.* We emphasized the trial court provided "minimal" support for its lengthy sentence, and appeared to rely primarily on the testimony of the

rape victim and her family. ***See id.*** at 144. Further, when defense counsel challenged the maximum sentence imposed during the bifurcated hearing, the court replied, "You don't like the statutory maximum; but shouldn't you be addressing that to the legislature?" ***Id.*** at 145. This Court explained:

> A sentence may still be excessive regardless of the commencement of terms of imprisonment in the standard guidelines range if the upper end of the sentence imposes a term unlikely to end during the defendant's natural life span or, as here, perpetually subject to the discretion of the Board of Probation and Parole. We remain mindful, as must our trial courts, that a maximum sentence is a *sentence of confinement* to be prorogued only as "a favor given by the state, as a matter of grace and mercy...." ***Mickens–Thomas v. Pa. Bd. of Prob. and Parole***, 699 A.2d 792, 796 (Pa. Cmwlth. 1997). Issuance of parole may not be assumed and may not be treated as a tool of rehabilitation; presumably, a defendant's rehabilitation has already been achieved if parole is granted. Consequently, parole, imposed as a byproduct of an outsize maximum sentence, is not a legitimate means of implementing the statutory goals of criminal sentencing. Thus, the term of imprisonment must be individualized *in its entirety as a sentence of confinement* and not treated as a means to indefinite parole, or worse, as a means of private retribution or judicial policy-making.
>
> In this case, the trial court imposed a maximum sentence of confinement of 90 years …, which we regret to conclude, violated this precept in sentencing. The court's discussion at argument on Coulverson's post-sentence motion strongly suggests its determination that the defendant should spend as much of his life in prison as the court could order, notwithstanding the tragedy and dysfunction underlying Coulverson's own life, his individual need for effective intervention, or any rehabilitation he might achieve.

***Id.*** at 148. Therefore, the ***Coulverson*** Court vacated the judgment of sentence, and remanded for re-sentencing.

We find the facts of the present case distinguishable. First, and foremost, Karpinski's maximum term of imprisonment is 10 years, as compared to the 90-year prison term imposed in **Coulverson**. Karpinski did not receive a virtual life sentence, nor was he condemned to a life served perpetually on parole. Second, the trial court in the case *sub judice* provided sufficient reasons for the sentence imposed, not the least of which was Karpinski was on probation for the **same crime** when he committed the offense herein. Indeed, Karpinski was given the opportunity to conform his behavior outside of prison, but he was unable to do so. The facts in **Coulverson** were unique and extreme. As such, we disagree with Karpinski's claim that that decision compels relief here.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2018