638 A.2d 451

William MARSHALL, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 3, 1993.

Decided Feb. 28, 1994.

Reconsideration Denied March 28, 1994.

William L. Marshall, in pro per.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

On June 28, 1993, William Marshall (Marshall), pro se, filed a petition for review in our original jurisdiction in the nature of mandamus.[1] The facts, as alleged in Marshall's petition, follow.

On April 8, 1992, the Pennsylvania Board of Probation and Parole (Board) conducted a parole interview of Marshall. Following said interview, Marshall was informed that his parole was refused and that the Board would not consider

---

1. Mandamus is an extraordinary remedy which is designed to compel the performance of a purely ministerial act or mandatory duty on the part of a public officer. *Campbell v. Rosenberger,* 159 Pa.Commonwealth Ct. 321, 632 A.2d 1094 (1993).

further parole applications submitted by Marshall unless and until he received a recommendation from the Department of Corrections. On April 10, 1992, Marshall filed a subsequent application for parole with the Board. On July 2, 1992, Marshall received written notification from the Board acknowledging his April 10, 1992 application. The Board reiterated that the conditions set forth following the Board's interview of Marshall on April 8, 1992 continued to apply. On October 16, 1992, Marshall again contacted the Board requesting that it consider his April 10, 1992 application for parole. On December 2, 1992, the Board responded by letter again stating that Marshall's application for parole would not be considered until the Board received a Department of Corrections' recommendation.

Simultaneous to his filing of the petition for review, Marshall also filed, on June 28, 1993, an application for summary relief pursuant to Pa.R.A.P. 1532(b).[2] In his application, Marshall alleged the same facts as set forth in his petition for review and additionally attached thereto a copy of the Board's July 2, 1992 letter "acknowledging receipt of [his] letter dated 4–10–92 requesting parole consideration." Marshall also attached a copy of the Board's December 2, 1992 letter reiterating that "[t]he Board will consider you for review when a recommendation is received from the Department of Corrections." (See Marshall's Application for Summary Relief).

Thereafter, on July 29, 1993, the Board filed a preliminary objection in the nature of a demurrer to the petition asserting that it was not required to consider Marshall's parole application until he fulfilled the requirement which it imposed following his first parole hearing and that therefore, he was not entitled to summary relief. On August 6, 1993, Marshall filed

**2.** Pa.R.A.P. 1532(b), entitled "summary relief," provides as follows:
At any time after the filing of a petition for review in an appellate or original matter the court may on application enter judgment if the right of the applicant thereto is clear. A party against whom judgment is entered under this subdivision may apply to open or vacate the judgment within 30 days after entry, or within such lesser time as may be fixed by the court under Rule 105 (waiver and modification of rules) after reasonable notice to the parties.

with this Court his brief in support of his application for summary relief and on August 19, 1993, the Board filed its brief in opposition.[3]

We note that an application for summary relief filed pursuant to Pa.R.A.P. 1532(b) is generally the same as a motion for peremptory judgment[4] filed in a mandamus action in the common pleas court.[5] *See* Official Note to Pa.R.A.P. 1532(b) which provides, Subdivision (b) of this rule is a generalization of Pa.R.C.P. 1098 (peremptory judgment). As with a motion for peremptory judgment, an application for summary relief may be granted without the filing of an answer and prior to disposing of outstanding preliminary objections. *See Philadelphia Suburban Water Company v. Department of Transportation*, 36 Pa.Commonwealth Ct. 8, 387 A.2d 501 (1978) (Peremptory judgment in mandamus may be granted without the filing of an answer and even without disposing of outstanding preliminary objections). Accordingly, we first address Marshall's application for summary relief.

Summary relief may be granted where the right thereto is clear. Pa.R.A.P. 1532(b). Thus, where there are material issues of fact in dispute or if it is not clear that the applicant is entitled to judgment as a matter of law, the application will be denied. *See* Darlington, McKeon, Schuckers & Brown, 1 Pennsylvania Appellate Practice @1532:4 (1986).

3. We note that on August 20, 1993, the Board filed its brief in support of its preliminary objections.

4. Peremptory judgment is governed by Pa.R.C.P. 1098 which provides as follows:

At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

5. A motion for peremptory judgment filed pursuant to Pa.R.C.P. 1098, however, is more limited than an application for summary relief filed pursuant to Pa.R.A.P. 1532(b) in that a motion for peremptory judgment is proper only in a mandamus proceeding whereas an application for summary relief is proper in any proceeding brought in our appellate or original jurisdiction.

Our review of the petition for review, the application for summary relief, Marshall's brief in support thereof and the Board's brief in opposition thereto reveals that there is no dispute as to the facts as set forth in Marshall's petition, i.e., that Marshall filed an application for parole on April 10, 1992 and that the Board has refused to consider said application until Marshall receives a favorable recommendation from the Department of Corrections.

Section 11 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.22 (Act), provides, in part, as follows:

The board shall have the power, subject to the provisions and limitations set forth in section twenty-one, to grant paroles of its own motion whenever in its judgment the interests of justice require the granting of the same. In addition thereto, the board shall have the power, *and it shall be its duty, to consider applications for parole by a prisoner or by his attorney, relatives or friends or by any person properly interested in the matter.* Hearings of applications shall be held by the board whenever in its judgment hearings are necessary. Reasonable rules and regulations shall be adopted by the board for the presentation and hearing of applications for parole: Provided, however, That whenever any prisoner is paroled by the board, whether of its own motion or after hearing of an application therefor, or whenever an application for parole is refused by the board, a brief statement of the reasons for the board's action shall be filed of record in the offices of the board and shall be at all reasonable times open to public inspection; in no case shall a parole be granted, or an application for parole be dismissed, unless a district supervisor shall have seen and heard him in person in regard thereto within six months prior to the granting or dismissal thereof. *Application shall be disposed of by the board within six months of the filing thereof.* Except in cases where the Pardon Board has reduced a minimum term by commutation, the board shall initially act on the application, if possible, before the expiration of the minimum term so fixed, and in no case more than thirty days thereafter. (Emphasis added).

The language of Section 11 is clear. It sets forth certain mandatory and discretionary powers and duties of the Board. Specifically, the Board is given the power to grant or deny a prisoner parole. Mandatory is the Board's duty "to *consider applications for parole by a prisoner.*" Section 11 leaves to the Board's discretion whether "hearings of applications," should be held. Further, Section 11 makes it mandatory that the Board adopt "[r]easonable rules and regulations ... for the presentation and hearing of applications for parole." [6]

Accordingly, although it is without question that the Board, in its discretion, has the authority to either grant or deny a prisoner parole, Section 11 of the Act does not in any way restrict a prisoner's right to *apply* for parole once his minimum term has expired nor does it grant the Board discretion to refuse to consider a prisoner's application. [7] While the Board may, again, refuse Marshall parole once the Board has considered his application, there is no statutory authority permitting the Board to condition Marshall's right to have his application considered.

Based on the undisputed facts and applicable law, it is clear that the Board has improperly failed to consider Marshall's application for parole as required under Section 11 of the Act; [8] thus, we will grant his application for summary relief

**6.** We note that our review of the Act and the rules and regulations adopted thereunder by the Board has failed to reveal any regulations dealing specifically with presentation of an application for parole. However, here, the Board has not raised any matters concerning whether Marshall filed a proper application.

**7.** *See Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa.Commonwealth Ct. 507, 511, 406 A.2d 1186, 1188 (1979), "Section 11 places no restrictions on Petitioner's right to *apply* for parole in the interim and imposes a duty on the Board to consider such applications." (Emphasis added).

**8.** Pursuant to Section 11 of the Act, the Board must dispose of applications for parole within six months of the filing thereof. This Court has held that where a petitioner seeks relief from the Board's failure to consider a parole application, prior to the expiration of this six month period, no reviewable question is present because the Board can act within said time period. *Gillespie v. Pennsylvania Board of Probation and Parole,* 95 Pa.Commonwealth Ct. 321, 505 A.2d 403 (1986), *appeal denied,* 515 Pa. 588, 527 A.2d 547 (1987); *Giddings v. Tartler,* 130 Pa.Commonwealth Ct. 175, 567 A.2d 766 (1989). Here, we note that

and direct that the Board consider his April 10, 1992 parole application consistent with this opinion.[9]

## *ORDER*

AND NOW, this 28th day of February, 1994, it is hereby ordered as follows:

(1) William Marshall's application for summary relief is granted.

(2) The Pennsylvania Board of Probation and Parole is directed to consider, in accordance with Section 11 of the Act of August 6, 1941, P.L. 861, William Marshall's April 10, 1992 parole application consistent with this opinion.

the Board failed to act on Marshall's application within six months of his filing thereof.

9. Because we grant Marshall's application for summary relief, we need not address the Board's preliminary objection in the nature of a demurrer.