**Louis MICKENS–THOMAS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, BOARD OF PROBATION AND PAROLE and William F. Ward, Chairman, Commonwealth of Pennsylvania, Board of Probation and Parole, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1997.

Decided Aug. 12, 1997.

Leonard N. Sosnov, Philadelphia, for petitioner.

Mary C. Bodo, Chief Counsel, Harrisburg, for respondents.

Before McGINLEY and PELLEGRINI, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Before this Court is a motion for peremptory judgment and summary relief filed by Louis Mickens–Thomas (Thomas), a sixty-eight year old inmate at the State Correctional Institution at Graterford, in his action in mandamus against the Pennsylvania Board of Probation and Parole and its chairman (collectively, Board).

On November 26, 1996, Thomas filed a petition for review in the nature of an action in mandamus invoking this Court's original jurisdiction. The following facts alleged by Thomas are undisputed. In 1993, while serving a term of life imprisonment for his conviction of first degree murder, Thomas applied for a commutation of his sentence with the Pennsylvania Board of Pardons (Board of Pardons). In July 1994, the Board of Par-

dons recommended, after a public hearing, that Thomas' sentence be commuted from life imprisonment to a minimum term of thirty-one years, nine months, six days to life.

On January 14, 1995, the then Governor Robert Casey commuted Thomas' sentence as recommended by the Board of Pardons. Pursuant to the commutation order, Thomas' minimum term of the commuted sentence was to expire on July 21, 1996, and he "may be eligible for pre-release consideration at the discretion of the Dept. of Corrections." The Department of Corrections subsequently refused to accept Thomas into a prerelease program. Thomas then filed an application for parole in July 1996, when his commuted minimum term expired.

In a letter dated September 25, 1996, the Board informed Thomas that it would not take action on his application because he was ineligible for parole under Section 34.1(a)(3) of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of June 1, 1995, P.L. 1020, commonly known as the Parole Act (Act), 61 P.S. § 331.34a(a)(3). Section 34.1(a)(3), which was added as part of the 1995 amendment to the Act and became effective on July 31, 1995, provides in pertinent part:

> In no case shall the board act upon an application of an inmate whose term of imprisonment was commuted from life to life on parole or upon an inmate who was serving a term of imprisonment for a crime of violence or is an inmate serving a sentence under 42 Pa.C.S. § 9712 (relating to sentences for offenses committed with firearms) *unless the inmate has served at least one year in a prerelease center.* (Emphasis added.)

The Board stated in the letter that it would not consider Thomas' application until it is notified by the Department of Corrections that he has completed at least one-year service in a prerelease center, as required by Section 34.1(a)(3).

Thomas then filed the action in mandamus, seeking this Court's order directing the Board (1) to immediately release him on parole or in the alternative, (2) to immediately consider and rule on his application for

parole. Thomas alleged that he is not subject to the requirements set forth in Section 34.1(a)(3) because that section became effective after his sentence was commuted on January 14, 1995, and that a retroactive application of Section 34.1(a)(3) to his request for parole would violate (1) the *ex post facto* clauses of the United States and Pennsylvania Constitutions; (2) the principle of separation of powers and the Governor's exclusive power to grant commutations under Article IV, Sections 2 and 9 of the Pennsylvania Constitution, and (3) his due process rights and liberty interests in the effectuation of the commutation order.

Thomas further asserted that the Board failed to comply with Section 21 of the Act in effect before the 1995 amendment, which provided in pertinent part:

> [I]f the Board of Parole refuse to parole the prisoner at the expiration of any minimum term fixed by the Pardon Board, it shall, *within ten days after the date when the minimum term expired,* transmit to the Pardon Board a written statement of the reasons for refusal to parole the prisoner at the expiration of the minimum term fixed by the Pardon Board. Thereafter, the Pardon Board may either accept the action of the Board of Parole, or order the immediate release of the prisoner on parole, under the supervision of the Board of Parole. (Emphasis added.)[1]

The Board subsequently filed preliminary objections to the petition for review, alleging that Thomas failed to state a valid cause of action in mandamus.[2] The Board asserted, *inter alia,* that Section 34.1(a)(3) is applicable to Thomas, and that it lacked jurisdiction to act on Thomas' application because he was not eligible for parole due to his failure to serve in the prerelease center, as required by Section 34.1(a)(3). In response, Thomas filed the motion for peremptory judgment and summary relief. This Court then listed the

Board's demurrer and Thomas' motion for oral argument.

At the oral argument, the Board through its counsel withdrew its demurrer to the petition for review, conceding that Section 34.1(a)(3) enacted after the commutation of Thomas' sentence may not be retroactively applied to his application for parole. Thus, Thomas' motion for peremptory judgment and summary relief only remains for this Court's disposition.

In a mandamus action, a motion for peremptory judgment or summary relief may be granted at any time after the filing of a petition for review, if the right of the movant thereto is clear. Pa. R.A.P. 1532(b); Pa. R.C.P. No. 1098. Mandamus is an extraordinary remedy which compels official performance of a ministerial act or mandatory duty. *Pennsylvania Dental Ass'n v. Insurance Department,* 512 Pa. 217, 516 A.2d 647 (1986). A writ of mandamus may be issued, only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and lack of any other appropriate and adequate remedy. *Id.* In an action in mandamus involving an administrative agency's exercise of discretion, a court may only direct the agency to perform such discretionary act; it may not compel the agency to exercise the discretion in certain manner or reach a particular result. *Id.*

Under the Act, the Board has the power and the broad discretion to either grant or deny a prisoner's parole application. *Marshall v. Pennsylvania Board of Probation & Parole,* 162 Pa.Cmwlth. 256, 638 A.2d 451 (1994). The Act, however, does not in any way restrict an inmate's right to apply for parole once his or her minimum term of sentence has expired. *Id.* Nor does it grant the Board any discretion to refuse to consider a parole application. *Id.* Thus, this Court in *Marshall* granted the motion for summary relief in the mandamus action filed by the

---

1. Section 21 of the Act, as amended in 1995, no longer contains the ten-day time limitation within which the Board is required to act on an application of an inmate whose sentence has been commuted. The Board is still required to dispose of all parole applications within six months. Section 22 of the Act. 61 P.S. § 331.22.

2. In the preliminary objections, the Board also raised defective verification and service. Thomas subsequently corrected the alleged defects, and this Court overruled the preliminary objections related to the defective service and verification.

inmate against the Board which refused to consider his parole application, and directed the Board to consider the application.

In the matter *sub judice*, the Board concedes that Section 34.1(a)(3) requiring the completion of service in the prerelease center to be eligible for parole may not be retroactively applied to Thomas. The Board stated during the oral argument that it was willing to consider and render a decision on Thomas' application and comply with the procedures set forth in Section 21 of the Act before the 1995 amendment. Because the Board admittedly failed to perform its duty to consider Thomas' application pursuant to the applicable provision of the Act, Thomas' motion is granted to the extent that he is seeking an order directing the Board to immediately consider and rule on his parole application.

Thomas further requests that this Court immediately release him or direct the Board to immediately release him on parole because the Board failed to consider his application within the ten-day time period set forth in Section 21 applicable to this matter.

■■■ This Court has consistently held, however, that time limitations imposed by statutes or regulations on procedures before administrative bodies are directory, rather than mandatory, even when phrased in mandatory language. *Winston v. Department of Public Welfare*, 675 A.2d 372 (Pa.Cmwlth. 1996); *J.L. v. Department of Public Welfare*, 133 Pa.Cmwlth. 185, 575 A.2d 643 (1990); *West Penn Power Co. v. Pennsylvania Pub-*

*lic Utility Commission*, 104 Pa.Cmwlth. 21, 521 A.2d 75 (1987). Moreover, the legislature did not provide for any penalty for the Board's noncompliance with the time limitation set forth in Section 21. Hence, the ten-day time limitation under Section 21 should be construed as directory, not mandatory.[3]

To further support his contention that he should be immediately released on parole based on the Board's noncompliance with the ten-day time limitation, Thomas relies on various cases involving criminal defendants, a parole revocation hearing and a license suspension appeal.[4] However, none of the cases relied on by Thomas supports his contention.

■■■ As this Court previously stated, parole is nothing more than a possibility, and if granted, it merely constitutes a favor given by the state, as a matter of grace and mercy, to a prisoner who has demonstrated a probability of his or her ability to function as a law-abiding citizen in society. *Weaver v. Pennsylvania Board of Probation & Parole*, 688 A.2d 766 (Pa.Cmwlth.1997). Thus, a prisoner has no constitutionally protected liberty interests in being released from confinement prior to expiration of his maximum term of sentence. *Wilder v. Department of Corrections*, 673 A.2d 30 (Pa.Cmwlth.1996), *appeal denied*, 545 Pa. 673, 681 A.2d 1344 (1996).

■■■ Thomas was serving a sentence for his conviction when he applied for parole. Unlike a criminal defendant or a parolee who

---

**3.** Thomas also argues that his application should be deemed to have been approved because the Board failed to comply with the ten-day time limitations. While we do not condone the Board's extended delay in considering Thomas' application, the imposition of such penalty is inappropriate where the legislature chose not to do so, as in other statutes. *See, e.g.,* Sections 508(3) and 908(3) of the Pennsylvania Municipalities Planning Code, Act July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10508(3) and 10908(3), providing for deemed approval of land use and zoning applications for the agency's failure to render decisions within the time period set forth therein.

**4.** *See Commonwealth v. Campbell*, 425 Pa. Superior Ct. 514, 625 A.2d 1215 (1993) (the criminal defendant was released for the trial court's failure to comply with Pa. R.Crim. P. 1122, requiring the court to render a verdict within seven

days after a non-jury trial); *Commonwealth v. Thomas*, 449 Pa. Superior Ct. 646, 674 A.2d 1119 (1996) (the sentence was vacated and the defendant was discharged due to the court's failure to sentence him within sixty days of the conviction in violation of Pa. R.Crim. P. 1405(A)); *Saunders v. Pennsylvania Board of Probation & Parole*, 130 Pa.Cmwlth. 612, 568 A.2d 1370 (1990), *appeal denied*, 527 Pa. 620, 590 A.2d 760 (1990) (the parole violation charges were dismissed for the Board's failure to hold the parole revocation hearing within 120 days after the parolee was taken into custody in violation of 37 Pa.Code § 71.4(1)); *Fisher v. Department of Transportation, Bureau of Driver Licensing*, 682 A.2d 1353 (Pa.Cmwlth.1996) (the license suspension appeal was sustained because the Department unreasonably delayed in suspending the licensee's operating privileges).

was released on parole and then taken into custody for a parole violation, Thomas did not have constitutionally protected liberty interests in being released on parole. Hence, we reject his contention that he should be immediately released based on the Board's noncompliance with the ten-day time limitation for considering his application.

 Moreover, the Act grants the Board the broad discretion in determining if and when a prisoner should be released on parole. *Tubbs v. Pennsylvania Board of Probation & Parole,* 152 Pa.Cmwlth. 627, 620 A.2d 584 (1993), *appeal denied,* 536 Pa. 635, 637 A.2d 295 (1993). Under Section 21 applicable to this matter, if Thomas' application is denied by the Board, the Board of Pardons may either accept the Board's decision or order his immediate release. Consequently, Thomas cannot assert that he suffered change of circumstances due to his detrimental reliance on the Board's delay in considering his application, as in the license suspension case.

■ Because mandamus does not lie to compel the Board to reach a particular result in exercising its discretion, the motion for peremptory judgment and summary relief is denied to the extent that Thomas seeks his release by this Court or an order directing the Board to release him.

### ORDER

AND NOW, this 12th day of August, 1997, Respondents' preliminary objections in the nature of a demurrer having been withdrawn, they are dismissed as moot. Petitioner's motion for peremptory judgment and summary relief is granted in part. The Pennsylvania Board of Probation and Parole is directed to consider and rule on Petitioner's application for parole within ten days of entry of this order and, in the event of denial of the application, transmit a written statement of the reasons for the denial to the Pennsylvania Board of Pardons for its consideration of whether to accept the denial or immediately release Petitioner on parole.

Petitioner's motion is denied in all other respects.