# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. Gordon Gainer, LLC          :
                               :
                v.             :     No. 1329 C.D. 2020
                               :     Submitted:  September 20, 2021
Township of Cumru,             :
                Appellant      :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
          HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY PRESIDENT JUDGE BROBSON**          **FILED:  December 13, 2021**


The Township of Cumru (Township) appeals from an order of the Court of Common Pleas of Berks County (trial court), which, in effect, granted an emergency petition for peremptory judgment (Emergency Petition) filed by J. Gordon Gainer, LLC (Appellee).  For the reasons set forth below, we reverse the trial court's order and remand the matter for further proceedings.

The relevant background underlying this matter, which we take from the parties' stipulation of facts and filings of record, is as follows.  On December 29, 2017, the Township recorded a municipal lien (Lien) against real property located in Reading, Pennsylvania (Property), for unpaid sewer bills in the amount of $31,177.69.  (Original Record (O.R.), Item No. 12, ¶ 1.)  The Lien, which was filed pursuant to the provisions of what is commonly referred to as the

Municipal Claims and Tax Liens Act (MCTLA),[1] currently remains of record and has been of record since that date. (O.R., Item No. 12, ¶¶ 2-3.) A sheriff's sale of the Property was scheduled for January 11, 2019, and the Township received all required notice of the sale as a lienholder. (*Id.* ¶¶ 7-8.) The sheriff's sale was continued, however, to February 8, 2019. (*Id.* ¶ 9.) According to the parties, actual notice of the continued sale was not sent, nor required to be sent, to the Township. (*Id.* ¶ 10.) Appellee purchased the Property at the February 2019 sale for $145,000. (*Id.* ¶ 11.) After the sale, the Township did not file a claim with the Berks County Sheriff's Office to notify it that the Township was claiming an interest in the proceeds of the sale. (*Id.* ¶ 13.) As such, the Township was not included in the distribution of the proceeds of the sale, and the Lien was not satisfied through the sale. (*Id.* ¶ 14.) A sheriff's deed was issued to Appellee and recorded on March 28, 2019, following which the Township demanded payment of the Lien from Appellee. (*Id.* ¶¶ 15-16.)

On October 2, 2020, Appellee filed a Complaint against the Township. According to the Complaint, the Lien should have been included on the sheriff's proposed distribution sheet from the February 2019 sale and satisfied by the proceeds from that sale; however, due to the Township's "failure . . . to comply with Berks County Local Rule of Civil Procedure 3136[2] and file a claim to satisfy the

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.

[2] Berks County Local Rule of Civil Procedure 3136 provides:

Municipal and tax claims and the amounts claimed by the respective lien holders who are claimants to the fund realized from the real estate sold by the sheriff shall be filed by the respective claimants with the sheriff within ten (10) days after the sale. Notice with a copy of the proposed schedule of distribution shall be given by the sheriff by mail of the filing of said proposed schedule within forty-eight (48) hours after the filing of the schedule of distribution provided for by

2

Lien within ten (10) days of the [February 2019] sale, the Lien remains unsatisfied."
(O.R., Item No. 1, ¶¶ 14-15.) Appellee also claimed that, pursuant to Section 1 of
the MCTLA, 53 P.S. § 7197,[3] the Township had thus forfeited its right to assert the
Lien and was required to satisfy, of record, the Lien at the Township's expense.
(O.R., Item No. 1, ¶ 16.) Appellee further alleged that it was "an innocent party with
clean hands," that the Township's demand was "unconscionable, inequitable, and
contrary to the law," and that, as a result of the Township's failure to mark the Lien
as satisfied, Appellee had "incurred damages in the amount of the Lien, plus
attorney's fees, and costs of suit." (*Id.* ¶¶ 17-18.)

Based on the foregoing, Appellee asserted two counts against the Township
in its Complaint. In Count I, Appellee set forth a claim for declaratory relief,
requesting that the trial court enter judgment declaring that the Township does not
have the right to collect on the Lien from Appellee pursuant to Section 1 of the
MCTLA. In Count II, Appellee set forth a claim for mandamus relief, requesting
that the trial court grant a writ of mandamus and compel the Township to perform
its obligation to mark the Lien as satisfied pursuant to Section 1. Shortly after filing

---

Pa. R.C[iv. ]P. 3136 to counsel or parties without counsel who have notified the
sheriff they claim an interest in the proceeds of any real estate sold by the sheriff.

[3] Section 1 of the MCTLA provides:

Whenever any real property has been or is hereafter sold at a sheriff's sale
by virtue of any writ of execution issued from any court in this Commonwealth, or
at a public sale for taxes held by a county tax claim bureau, at which sale for taxes
held by a been [sic] or are realized to pay all tax liens and municipal claims
presented against the property, and a political subdivision has lost or hereafter loses
its lien or liens for taxes and municipal claims, or either, on such property by virtue
of not having filed or not filing same in the manner prescribed or within the time
limited by law to participate in the distribution of the proceeds of such sale, and
whenever the purchaser at such sale or any subsequent purchaser furnishes proof to
the political subdivision that it has lost any such lien or liens, the political
subdivision involved shall satisfy of record any such lien or liens at its expense.

the Complaint, Appellee filed the Emergency Petition pursuant to Pennsylvania Rule of Civil Procedure 1098,[4] requesting that the trial court grant the Emergency Petition and issue a writ of mandamus to compel the Township to mark the Lien as satisfied in accordance with Section 1. Notably, in its brief in support of the Emergency Petition, Appellee revealed that it was seeking to sell the Property, with a sale apparently in progress, but that it could not do so without the requested relief.

On October 21, 2020, the Township filed a preliminary objection to the Complaint and a contemporaneous preliminary objection to the Emergency Petition. With respect to the Complaint, the Township demurred on the basis that Appellee's claims for declaratory and mandamus relief were not the proper causes of action to pursue in attempting to force the Township to satisfy the Lien and that, to obtain such relief, Appellee was instead required to file a quiet title action against the Township.[5] In support, the Township relied upon Pennsylvania Rule of Civil Procedure 1061(b)(3), which provides that a quiet title action "may be brought . . . to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." With regard to the Emergency Petition, the Township contended that a peremptory judgment can only be granted

---

[4] Pennsylvania Rule of Civil Procedure 1098 relates to actions in mandamus and provides:

At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

[5] In its brief in support of its preliminary objection to the Complaint, the Township also argued that certain facts as alleged by Appellee could be disputed, rendering a declaratory judgment action inappropriate, and that Appellee's right to relief was not clear for purposes of its request for a writ of mandamus because the Lien was properly filed of record and Appellee relied on a non-binding local rule in support of its claim.

4

in a mandamus action, and, because Appellee's underlying claim for mandamus relief was legally insufficient, Appellee's request for a peremptory judgment was also legally insufficient. The Township additionally claimed that Appellee's right to relief was not clear, that there was no emergency warranting the grant of the Emergency Petition, and that any existing emergency was created by Appellee's failure to discover the Lien that was properly of record. The Township, thus, argued that the Complaint and Emergency Petition should be dismissed.

In response to the Township's preliminary objection to the Complaint, Appellee filed an Amended Complaint to add a third count, an action to quiet title, which Appellee pled in the alternative. On the same day, Appellee also filed a response to the Township's preliminary objection to the Emergency Petition and a supporting brief, arguing that the preliminary objection should be dismissed because the Emergency Petition was not a pleading to which preliminary objections could be filed. *See* Pa. R.Civ. P. 1028(a) (providing that "[p]reliminary objections may be filed by any party to any pleading"); Pa. R.Civ. P. 1017(a) (limiting pleadings to complaint and answer thereto; reply if answer contains new matter, counterclaim, or cross-claim; counter-reply if reply to counterclaim or cross-claim contains new matter; and preliminary objection and response thereto). Appellee further argued that, assuming the trial court was inclined to treat the preliminary objection as a substantive response to the Emergency Petition, Appellee had clearly established a right to peremptory judgment. Appellee contended that a quiet title action, while a viable and preferred method to clear title, was not the only appropriate remedy to clear title to real estate and that a mandamus action could be used to compel a government body to mark a lien as satisfied. Appellee alleged that it had established

5

a right to mandamus relief here and that peremptory judgment was likewise appropriate.

The Township then filed an Answer to the Emergency Petition with New Matter, noting that the Township was doing so as an alternative to the Township's preliminary objection it had previously filed to the Emergency Petition in the event that the trial court found that the filing of the preliminary objection was improper. Thereafter, the trial court held argument on the matter, and the parties entered the stipulation of facts discussed above. The trial court subsequently issued the following order:

> **AND NOW**, this 24th day of November[,] 2020, after hearing and argument held upon [the Township's] Preliminary Objections to [Appellee's] Complaint . . . and [Appellee's Emergency Petition,] the Court **ORDERS** as follows:
>
> 1. [The Township's] Preliminary Objection is *overruled*;
> 2. On or before 11:00 a.m. on November 30, 2020, the [Township] shall take steps to satisfy the [L]ien . . . imposed upon [the Property], . . . to be marked as satisfied.

(O.R., Item No. 13 (emphasis in original).) Notwithstanding the somewhat confusing nature of the trial court's order, there is no dispute that the order effectively granted Appellee's Emergency Petition for peremptory judgment.[6] This appeal followed.

---

[6] In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court characterizes its November 24, 2020 order as "den[ying the] Township's Preliminary Objections to [Appellee's] Amended Complaint and grant[ing Appellee's Emergency Petition], requiring the Township to promptly satisfy [the L]ien filed against" the Property. (O.R., Item No. 26, at 1.) Pursuant to Pennsylvania Rule of Civil Procedure 1028(c)(1), however, "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. *If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot*." (Emphasis added.) Further, Pennsylvania Rule of Civil Procedure 1028(f) provides that "[o]bjections to any amended pleading

6

On appeal,[7] the Township argues that the trial court erred in entering its November 24, 2020 order, which served to grant the Emergency Petition. The Township first reiterates that a mandamus action was a legally insufficient cause of action for Appellee to assert herein because there existed an adequate and appropriate remedy at law for the relief Appellee seeks—a quiet title action. The Township argues that, because a mandamus action was improper and a peremptory judgment is a tool that is only available in a mandamus action, the trial court erred in awarding peremptory judgment in this matter. The Township also argues that, even if a mandamus action was legally sufficient, Appellee was not entitled to peremptory judgment because Appellee's right to satisfaction of the Lien was not clear. On this point, the Township disputes Appellee's position, which the trial court apparently accepted, that the Township must satisfy the Lien given the facts of this

---

shall be made by filing new preliminary objections." Thus, Appellee's Amended Complaint rendered the Township's preliminary objection to the original Complaint moot, thereby requiring the Township to raise new preliminary objections to the Amended Complaint. In this regard, the Township notes that "[it] never got the chance to file any objections to the Amended Complaint, [though it nonetheless] argued . . . that the [d]eclaratory [judgment] action and [m]andamus action were still both inappropriate[] and that the only valid action would be the [q]uiet [t]itle action[]." (Township's Brief at 3.) Given these circumstances, we observe that the trial court's order was a nullity insofar as it purported to overrule any preliminary objections to Appellee's Complaint or Amended Complaint. We also note that, to the extent the parties disputed the propriety of filing preliminary objections to the Emergency Petition, it appears that the trial court found that dispute to be inconsequential in effectively granting Appellee peremptory relief. In any event, we emphasize that the only issue before the Court concerns the trial court's order insofar as it awarded peremptory relief, and we treat the court's order as limited to affording such relief.

[7] The Township's appeal is an interlocutory appeal taken as of right from "[a]n order granting peremptory judgment in mandamus" pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(5). We further note that "[o]ur standard of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Dusman v. Bd. of Dirs. of Chambersburg Area Sch. Dist.*, 113 A.3d 362, 367 n.4 (Pa. Cmwlth.), *appeal denied*, 119 A.3d 351 (Pa. 2015).

7

case and the interplay between Berks County Local Rule of Civil Procedure 3136 and Section 1 of the MCTLA.

Appellee counters that the trial court's order is proper because Appellee has a clear legal right to satisfaction of the Lien by the Township. Appellee further argues that, because it is attempting to enforce that legal right against the Township, a writ of mandamus is a legally sufficient action to obtain the relief it seeks. Appellee contends that the Township has a statutory duty to mark the Lien as satisfied, that the Township has rejected Appellee's demand that the Lien be satisfied, and that Appellee has no other adequate remedy at law. Appellee argues that "[a] quiet title action is not the applicable remedy in the instant case" and that "[p]rior precedent sets forth instances where a lien on real property is sought to be 'validated, invalidated or discharged' and a mandamus action was properly invoked to achieve such relief." (Appellee's Brief at 6.) Appellee relies upon *Springfield Township, Bucks County Board of Supervisors v. Gonzales*, 632 A.2d 1353 (Pa. Cmwlth. 1993), *appeal denied*, 645 A.2d 1321 (Pa. 1994), in support of its claim.

Notably, in its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court agrees that mandamus was not the appropriate form of action for Appellee to assert and, instead, a quiet title action was proper. The trial court further "recognizes that the summary relief granted was improper as being premature in that an evidentiary record had not been developed as to the amount and distribution of proceeds of the subject sale." (O.R., Item No. 26, at 4.) The trial court also opined that Section 15 of the MCTLA, 53 P.S. § 7183,[8] "operates

---

[8] Under Section 15 of the MCTLA, a "lien for services . . . simply remains recorded against the property indefinitely, subject only to a requirement that a suggestion of nonpayment and an averment of default be issued to revive the lien within each period of twenty years following the date on which the claim was filed." *Shapiro v. Ctr. Twp., Butler Cnty.*, 632 A.2d 994, 998 n.8

to relieve the . . . Township from the necessity of filing further notice of a previously filed and pending lien of record," rendering Berks County Local Rule of Civil Procedure 3136 and Section 1 of the MCTLA of no effect with respect to the existence of the Lien. (*Id.*) The trial court, therefore, asks this Court to vacate its November 24, 2020 order and remand the matter for further proceedings on Appellee's quiet title action or, alternatively, reverse the order.

Turning to our analysis, a motion for peremptory judgment filed pursuant to Pennsylvania Rule of Civil Procedure 1098 "is proper only in a mandamus proceeding." *Marshall v. Pa. Bd. of Prob. & Parole*, 638 A.2d 451, 453 n.5 (Pa. Cmwlth. 1994). A writ of mandamus is an extraordinary remedy "used to compel official performance of a ministerial act when a petitioner establishes a clear legal right, the respondent has a corresponding duty, and the petitioner has no other adequate remedy at law." *First Phila. Preparatory Charter Sch. v. Dep't of Educ.*, 179 A.3d 128, 132 n.2 (Pa. Cmwlth. 2018) (quoting *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014)). Here, we agree that Appellee has available an adequate remedy at law in the form of a quiet title action. As noted, Pennsylvania Rule of Civil Procedure 1061(b)(3) provides that a quiet title action "may be brought . . . to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." In arguing to the contrary, Appellee baldly claims that a quiet title action is not the applicable remedy in this matter and relies upon inapposite case law to claim that mandamus

---

(Pa. Cmwlth. 1993) (en banc), *appeal denied*, 642 A.2d 488 (Pa. 1994); *see also* 53 P.S. § 7183 (providing, in relevant part, that "[s]uch tax, municipal or other claim . . . shall remain a lien upon said properties until fully paid and satisfied" provided certain requirements are met).

has been invoked to obtain relief in similar instances.[9] Appellee, thus, has provided no basis upon which to conclude that a quiet title action is an inadequate or inappropriate remedy at law for obtaining the relief it seeks.

Based on the foregoing, the trial court's order essentially granting peremptory judgment in favor of Appellee was erroneous, as Appellee's right to judgment in the mandamus action was not clear as required by Pennsylvania Rule of Civil Procedure 1098. Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

_____

P. KEVIN BROBSON, President Judge

---

[9] In *Springfield Township*, Springfield Township filed liens against certain property owners for unpaid charges relating to recycling services after the township had acquired the assets and obligations of the Springfield Township Solid Waste Authority (Authority), including physical possession of the Authority's accounts receivable records serving as the basis for the liens. *Springfield Twp.*, 632 A.2d at 1355. The property owners successfully challenged the liens on the grounds that the Authority failed to convey its assets to the township "by appropriate instrument" as required by statute. *Id.* The only mention of mandamus relief in *Springfield Township* was when this Court noted that, in response to the property owners' challenge, Springfield Township "prepared a written document and, after [Springfield] Township filed a mandamus action, the Authority members signed the necessary documents" to effectuate a proper transfer of the assets, which in turn allowed Springfield Township to refile the liens. *Id.* Further, the ultimate issue in *Springfield Township* was whether the trial court erred in dismissing the property owners' subsequent petition to recover counsel fees and costs they incurred in having the original liens stricken. *See id.* at 1354-57. *Springfield Township*, thus, does not speak to whether a quiet title action provides an adequate and appropriate remedy rendering mandamus relief inappropriate under the circumstances presented here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. Gordon Gainer, LLC        :
       :
         v.                :    No. 1329 C.D. 2020
       :
Township of Cumru,         :
            Appellant     :

## O R D E R

AND NOW, this 13th day of December, 2021, the order of the Court of Common Pleas of Berks County (trial court), dated November 24, 2020, which essentially granted peremptory judgment in favor of Appellee J. Gordon Gainer, LLC, is hereby REVERSED, and the above-captioned matter is REMANDED to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, President Judge