IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Phillips,               :
         Petitioner        :
                            :
     v.                    :  No. 523 C.D. 2021
                            :  Submitted: February 11, 2022
Pennsylvania Parole Board,   :
         Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                         FILED: March 28, 2022

Derrick Phillips (Phillips) petitions for review of the Pennsylvania Parole Board's (Board) April 12, 2021 order,[1] through which it reversed its January 22, 2021 decision in a manner that was unfavorable to Phillips. In the January 22 decision, the Board partially modified and partially reaffirmed previous decisions it had issued regarding Phillips, so that the Board recommitted Phillips as a convicted parole violator (CPV) to serve 1100 days of backtime, awarded him 490 days of credit for time spent at liberty on parole, and recalculated his maximum parole violation date as January 9, 2020. The Board then altered its calculations through its April 12, 2021 order, thereby recommitting Phillips as a CPV to serve 1351 days of backtime, awarding him 239 days of credit for time spent at liberty on parole, and recalculating his maximum parole violation date as September 16, 2020. Phillips' counsel, Jendi N. Schwab, Esquire (Counsel), has submitted a Petition to Withdraw

_____

[1] This order is dated April 12, 2021, but is stamped as having been mailed on April 14, 2021. Certified Record (C.R.) at 197-99.

as Counsel (Petition to Withdraw) along with an *Anders* brief,[2] through which she contends that the arguments raised by are frivolous and without merit. In response, Phillips has requested leave to file an Amended Petition for Review (Motion to Amend). After thorough consideration, we grant Counsel's Petition to Withdraw, deny Phillips' Motion to Amend, and affirm the Board's April 12, 2021 order.

## I. Background

The relevant facts and procedural history, which we take in large part from *Phillips v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1673 C.D. 2019, filed July 2, 2021) (*Phillips II*), a previous opinion addressing Phillips' situation, are as follows:

> Having been found guilty of attempted murder, Phillips was sentenced in the Court of Common Pleas of Delaware County on March 5, 2001 to between 8 years and 9 months and 17 years, 6 months in state prison. [As of August 10, 2015], the maximum date on this sentence [was] . . . December 17, 2019[; in other words, Phillips had] 1590 days of unserved time [on his March 2001 sentence at that point in time].
>
> On April 4, 2016, Phillips was rearrested on new drug possession charges. [The Board then issued a detainer the following day.] He was found guilty and was sentenced on those charges to 2 to 6 years in state prison on November 10, 2016. Thereafter, the Board recommended that he serve 18 months of backtime as a . . . CPV[] on his March 2001 sentence and receive no credit for street time.[³] Despite this recommendation, the Board ultimately issued an order on February 16, 2017, in which it awarded him

---

[2] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009).

[3] "'Street time' refers to 'the period of time a parolee spends at liberty on parole.'" *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 111 n.2 (Pa. Cmwlth. 2020) (quoting *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004)).

full street time credit, recommitted him to serve 490 days of backtime as a CPV, and incorrectly recalculated the maximum date on his March 2001 sentence as May 9, 2018. On July 20, 2017, the Board modified this order by revoking Phillips' street time credit, but left the maximum date calculation unchanged. Phillips then administratively appealed the Board's July 20, 2017 order. The Board responded on April 5, 2019, by issuing a decision . . . that increased the amount of imposed backtime to 18 months, listed Phillips for reparole review, and recalculated the maximum date on his March 2001 sentence as May 13, 2021. Phillips appealed the Board's decision to our Court.

While Phillips' appeal was pending before our Court, the Board reparoled him from his March 2001 sentence on August 25, 2020. This was a constructive parole, as Phillips then began to serve his November 2016 sentence, which, again, was 2 to 6 years in state prison.

On December 18, 2020, we ruled in Phillips' favor and ordered the Board to abide by its February 16, 2017 order by giving Phillips full street time credit, making sure he did not serve more than 490 days of backtime on his March 2001 sentence, and ensuring that any additional time served on his March 2001 sentence beyond that sentence's maximum date was properly credited towards his November 2016 sentence. [*Phillips v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth.[,] No. 1673 C.D. 2019, filed Dec. 18, 2020) (*Phillips I*), slip op. at 6-9, 2020 WL 7419035[,] at *3-*5]. On January 22, 2021, in response to [*Phillips I*], the Board issued a new recommitment order. In this order, the Board inexplicably awarded Phillips 490 days of street time credit towards his March 2001 sentence for the time period between September 18, 2003[,] and January 20, 2005. It is not clear why the Board did so, as Phillips was incarcerated between those dates on his March 2001 sentence. The Board also recalculated a new maximum date for Phillips' March 2001 sentence, setting it as January 9, 2020. In doing so, the Board concluded that Phillips had 1100 unserved days left on that sentence.

Phillips[, acting through Counsel, then] administratively appealed the Board's January 22, 2021 order.[4] The Board responded on April 12, 2021, by reversing its January 22, 2021 order in a manner that was unfavorable to Phillips. In essence, the Board stated that the time calculations in its January 22, 2021 order had been incorrect. It laid out, in detail, the history of Phillips' March 2001 sentence and the subsequent actions the Board had taken over the years, while also stating that Phillips had 1590 days left on his March 2001 sentence when he was paroled on August 10, 2015. The Board then noted that Phillips had been arrested 239 days after his release, on April 5, 2016. In light of our December 18, 2020 opinion, the Board concluded that Phillips should get full credit towards his March 2001 sentence for those 239 days of street time.

Subtracting those 239 days from the 1590 days that had been left on his March 2001 sentence when he had been paroled in August 2015, the Board concluded that Phillips actually had 1351 days left on his March 2001 sentence. Adding 1351 days to January 4, 2017, *i.e.*, the date upon which it had formally revoked his parole and recommitted Phillips as a CPV on account of his November 2016 conviction, the Board arrived at a new maximum date for his March 2001 sentence, which was September 16, 2020.

*Phillips II*, slip op. at 1-3.

In response, Phillips challenged the Board's decision in a number of ways. First, Counsel initiated the instant case by filing a Petition for Review on Phillips' behalf on May 14, 2021. Therein, Counsel argued that the Board had abused its discretion, committed errors of law, and violated Phillips' right to due process by failing to abide by our ruling in *Phillips I*, as well as by "retroactively revok[ing] credit for time spent at liberty on parole, lengthen[ing his] period of recommitment, and/or recalculat[ing the] . . . maximum [date] on [his] March 2001 sentence." Pet.

---

[4] Phillips also sent a *pro se* letter to the Board on February 9, 2021, in which he claimed he was entitled to credit towards his carceral sentences for time served from May 10, 2018, onwards. C.R. at 189-92.

for Review ¶¶14-15. Second, on that same day, Counsel filed an Application for Relief with our Court under his previous appeal's docket, "through which [Counsel sought] . . . to rectify the Board's alleged noncompliance with [*Phillips I*]." *Id.* at 1.[5]

We denied the Application for Relief on July 2, 2021, and explained our reasoning thusly:

> [T]he Board was bound by the terms of its February 16, 2017 order. [As such, t]he Board was required to give Phillips full street time credit towards his March 2001 sentence and was not authorized to impose more than 490 days of backtime on that sentence as a result of his November 2016 conviction. The Board correctly recognized, in its April 12, 2021 decision, that Phillips had 1590 days left on his March 2001 sentence when he was paroled on August 10, 2015. The Board also correctly recognized that Phillips was entitled to 239 days of street time credit and, consequently, that the amount of time left on his March 2001 sentence at the time of his most recent parole revocation was 1351 days. The Board also correctly concluded that, as the date of Phillips' most recent parole recommitment was January 4, 2017, the maximum date on his March 2001 sentence was consequently September 16, 2020. In light of this, and despite the Board's belatedly accurate calculations and reasoning, it remains that the Board erred by waiting until April 2019 to list Phillips for reparole review.
>
> We are, however, without legal authority to rectify this mistake. We cannot order the Board to consider Phillips for parole or release him at this point from his March 2001 sentence, as it already paroled him on August 25, 2020, and the maximum date on that sentence passed shortly

[5] Phillips also administratively appealed this order. *See* C.R. at 200. This administrative appeal, which was filed through Counsel, was received by the Board on May 12, 2021. *Id.* That administrative appeal is tangential to the matter which is currently before us, as, again, Phillips now challenges the Board's April 12, 2021 order, through which it reversed its January 22, 2021 decision, and there is nothing in the record that suggests the Board has ruled upon this most recent administrative appeal. Furthermore, given that the Board stated that the proper way to contest the April 12, 2021 order was through an appeal to our Court, *see id.* at 199, Phillips' May 12, 2021 administrative appeal is of dubious procedural correctness.

5

thereafter. Furthermore, even if we could somehow reach back into the past, we would not be able to compel the Board to parole Phillips after he had served the assessed 490 days of backtime. Rather, Phillips would simply have been *eligible* for parole after he had served those 490 days, at which point the Board would have had to exercise its discretion to determine whether it should release him from carceral confinement. *See Rivenbark v. Pa. Bd. of Prob. & Parole*, 501 A.2d 1110, 1113 n.4 (Pa. 1985); *Mickens-Thomas v. Bd. of Prob. & Parole*, 699 A.2d 792, 796-97 (Pa. Cmwlth. 1997). As such, we cannot grant Phillips any relief at this juncture with regard to his March 2001 sentence.

*Phillips II*, slip op. at 4-5.

Counsel then sought our permission to withdraw from representing Phillips in this matter. On October 9, 2021, Counsel filed her *Anders* brief and followed up three days later by submitting her Petition to Withdraw. This Court then issued an order on October 14, 2021, through which we informed Phillips that he could, at his discretion, "[o]btain substitute counsel at his own expense and have new counsel enter an appearance and file a brief . . . in support of the Petition for Review [or] . . . [f]ile a brief . . . on his own behalf[, *i.e.*, *pro se*]." Order, 10/14/21, at 1. In addition, we notified Phillips that he had to file such a brief with our Court no later than 30 days after being served with this order. *Id.* On October 26, 2021, Phillips responded by informing this Court that he had received Counsel's Petition to Withdraw and *Anders* brief, as well as our October 14, 2021 order; however, instead of submitting a brief of his own, Phillips requested leave to file a *pro se* Amended Petition for Review within 30 days. As will be discussed below, we deny Phillips' request to file an Amended Petition because the arguments he wants to raise are either meritless or are not properly brought before this Court.

6

## II. Discussion

### A. Technical Sufficiency of Counsel's *Anders* Brief

Before addressing the validity of Phillips' substantive arguments, we must assess the adequacy of Counsel's *Anders* brief. Throughout this process, Phillips has only sought to challenge the Board's maximum date, backtime, and street time calculations, as well as the Board's alleged violation of his due process rights during the parole revocation process and its putative lack of compliance with *Phillips I*. Counsel therefore did not need to file an *Anders* brief in this matter, as none of Phillips' claims implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). Rather, a no-merit letter would have been more appropriate. Through a no-merit letter, appointed counsel seeks to withdraw from representation because "the [petitioner's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007). "[W]e will not deny an application to withdraw simply because an attorney has filed an *Anders* brief where a no-merit letter would suffice[;]" instead, we evaluate the *Anders* brief as if it was a no-merit letter. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 n.4 (Pa. Cmwlth. 2009). "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988)) (some alterations omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition

for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's *Anders* brief satisfies these technical necessities. It contains a recitation of the relevant factual and procedural history, a discussion of the arguments raised by Phillips, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Phillips a valid basis for relief. *Anders* Brief at 13-21. Further, Counsel has appropriately provided Phillips with copies of these documents, notified him about Counsel's intentions, and informed him of his right to hire another lawyer to represent him in this matter or to represent himself *pro se*. Pet. to Withdraw ¶4, Ex. A.

### B. Substantive Review of Phillips' Petition for Review

Consequently, we will proceed to an independent examination of Phillips' arguments, in order to determine whether any of them are meritorious.[6] To reiterate, Phillips maintains that the Board did not comply with our decision in *Phillips I. See* Pet. for Review at ¶14; C.R. at 186. In addition, he alleges that the Board abused its discretion, committed errors of law, and violated his due process rights by "retroactively revok[ing] credit for time spent at liberty on parole, lengthen[ing his] period of recommitment, and/or recalculat[ing the] . . . maximum [date] on [his] March 2001 sentence." Pet. for Review ¶15; C.R. at 186. Regarding the first issue, we reiterate what we have written previously: contrary to Phillips' allegations, the Board did comply with *Phillips I* and, furthermore, though the Board should have

---

[6] "Our scope of review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Ramos v. Pa. Bd. of Prob. & Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008).

listed Phillips for reparole well before it actually did so, we are without the legal ability to rectify that error. *See Phillips II*, slip op. at 4-5.

As to the second issue, Phillips was paroled on August 10, 2015, at which point the maximum date on his March 2001 sentence was December 17, 2019. *See* C.R. at 46-48; *see also* C.R. at 35, 37, 39, 42 (Board paperwork listing maximum date as December 17, 2019). In other words, Phillips had 1590 days left on his March 2001 sentence at that point. The Board eventually recommitted him as a CPV, due to Phillips' subsequent sentencing in November 2016 on new drug possession charges, but elected to award him street time credit for the period between the date upon which he had previously been paroled, *i.e.*, August 10, 2015, and the date upon which the Board issued a detainer, *i.e.*, April 5, 2016. *See id.* at 56, 176. Thus, the Board gave Phillips 239 days of street time credit. Subtracting 239 from 1590 results in 1351 unserved days on Phillips' March 2001 sentence. The date upon which Phillips returned to the Board's custody as a CPV and, thus, the point at which the new maximum date on his March 2001 sentence was to be calculated, was January 4, 2017. *Id.* at 77, 176; *see Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769-70 (Pa. Cmwlth. 2015) (maximum date is calculated from the date upon which the Board revokes an individual's parole, which can only occur once two Board members have signed the revocation decision). Adding 1351 days to January 4, 2017, results in a maximum date on Phillips' March 2001 sentence of September 16, 2020. In other words, though it took far too long for the Board to arrive at the right result, its calculations regarding backtime, street time credit, and the maximum date were, in the end, entirely correct. *Cf. Forbes v. Pa. Dep't of Corr.*, 931 A.2d 88, 94 (Pa. Cmwlth. 2007) (a delay in correcting clerical errors is not, in itself, a basis for

preventing an agency from ensuring that an individual properly serves the carceral sentence he was given).

C. Phillips' Motion to Amend

Lastly, we turn to Phillips' request that we allow him to file a *pro se* Amended Petition for Review. Therein, Phillips puts forth two reasons for why we should grant him permission to do so. First, he wishes to assert "the [Board] . . . unlawfully enlarged or extended his sentences of confinement *ex post facto*." Phillips' Motion to Amend, ¶7. There is no merit to this claim because, as already discussed, all of the Board's time calculations, as expressed through its April 12, 2021 order, were correct. Second, he maintains that Counsel gave him unconstitutionally ineffective assistance while representing him in this matter.

> The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The United States Supreme Court has interpreted this mandate as a fundamental right guaranteed by due process and applicable to the many states through the Due Process clause of the Fourteenth Amendment[, U.S. CONST. amend. XIV]. *Gideon v. Wainwright*, 372 U.S. 335, 342 . . . (1963). Similarly, article I, section 9 of the Pennsylvania Constitution entitles a criminal defendant to the representation of counsel. PA. CONST. art. I, § 9. Both the Pennsylvania Supreme Court and the United States Supreme Court "have interpreted the right to counsel as encompassing the right to effective assistance of counsel." *Com. v. Diaz*, . . . 226 A.3d 995, 1007 ([Pa.] 2020) (citing *Com. v. Rosado*, . . . 150 A.3d 425, 432 ([Pa.] 2016), and *Garza v. Idaho*, . . . 139 S. Ct. 738, 743 . . . (2019)). Further, in both this Commonwealth's and federal jurisprudence, "it is settled law . . . that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right." *Com. ex rel. Cunningham v. Maroney*, . . . 218 A.2d 811, 812 ([Pa.] 1966) (citing *Douglas v. California*, 372 U.S. 353 . . .

10

(1963)). Consistent with the basic principle of fundamental fairness at the bedrock of due process, this mandate guarantees that no "indigent is forced to run th[e] gantlet of a preliminary showing of merit" on appeal without the assistance of counsel, *Douglas*, 372 U.S. at 357, . . . , which amounts to "discrimination against the poor" in violation of the Fourteenth Amendment, *Pennsylvania v. Finley*, 481 U.S. 551, 554, . . . (1987) (citing *Douglas*, 372 U.S. at 358 . . .).

This commitment to providing indigent defendants with the constitutional right of representation of counsel throughout their criminal appeals and any administrative proceedings before the Board is reflected statutorily in Pennsylvania in Section 6 of the Public Defender Act, which requires that the public defender provide legal counsel in cases involving "[p]robation and parole proceedings and revocation thereof." [Section 6(a)(10) of the Act of December 2, 1968, P.L. 1144, *as amended*,] 16 P.S. § 9960.6(a)(10). An indigent parolee's right to counsel extends beyond just initial parole proceedings to both administrative review proceedings and any appeal as of right to this Court. *Bronson v. Pa. Bd. of Prob. & Parole*, . . . 421 A.2d 1021, 1026 ([Pa.] 1980). In *Bronson*, the Supreme Court of Pennsylvania echoed the importance of this right and its extending to such proceedings, explaining that "[w]hether a parole violation proceeding is properly classified as criminal, quasi-criminal or civil, we have recognized it to be a proceeding of the nature where the right to counsel is required to comport with our fundamental concepts of fairness." *Id.*; *see also Gagnon v. Scarpelli*, 411 U.S. 778 . . . (1973) (explaining that both parole and probation revocation implicates a loss of liberty triggering due process requirements). And, therefore, these "same compelling considerations require the assistance of counsel in the task of perfecting an appeal from [a parole revocation] proceeding." *Bronson*, 421 A.2d at 1026; *Blair* [*v. Pa. Bd. of Prob. & Parole*,] 518 A.2d [900,] 901 [(Pa. Cmwlth. 1986)] (holding that a delay in representation caused by a public defender's office waiting for court-ordered appointment before rendering assistance to an incarcerated, indigent parolee who had

11

properly requested counsel from the office results in the impermissible denial of counsel).

*Mesko v. Pa. Bd. of Prob. & Parole*, 245 A.3d 1174, 1182-83 (Pa. Cmwlth. 2021)

(footnote omitted). Broadly speaking,

> [w]hen reviewing claims of ineffective assistance of counsel, courts must presume that counsel provided effective assistance. *Com*[.] *v. Brown*, . . . 196 A.3d 130, 150 ([Pa.] 2018). To overcome this presumption, the vast majority of cases, decided under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], require the defendant to plead and prove that (1) the claim has arguable merit; (2) counsel lacked any reasonable basis for the action or inaction; and (3) the petitioner suffered prejudice as a result. *Id.* Prejudice, in this context, has been repeatedly stated as requiring proof that but for counsel's action or inaction, there was a reasonable probability that the proceeding would have had a different outcome. *Id.* at 150-51 (citing *Strickland*, 466 U.S. at 689 . . . ). The *Strickland* Court cautioned, however, that it did not intend these principles to be viewed as "mechanical rules":
>
> > Although those principles should guide the process of decision, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.
>
> *Strickland*, 466 U.S. at 696 . . . .

*Diaz*, 226 A.3d at 1007-08; *accord Scott v. Pa. Bd. of Prob. & Parole*, 739 A.2d 1142, 1145 (Pa. Cmwlth. 1999).[7]

---

[7] There are "certain, limited circumstances where prejudice is so likely that the cost of litigating the question of prejudice is unnecessary." *Diaz*, 226 A.3d at 1008. Consequently, actual or constructive denial of counsel "at a proceeding implicating the due process requirement of fundamental fairness" relieves the individual who asserts ineffective assistance of the need to establish that they suffered prejudice as a result. *Mesko*, 245 A.3d at 1184.

It is unclear whether Phillips believes that Counsel provided him ineffective assistance before the Board, in front of our Court, or both. *See* Phillips' Motion to Amend, ¶¶4-6. Regardless, we conclude that his assertion of ineffective assistance does not warrant granting him leave to file a *pro se* Amended Petition for Review. With regard to Counsel's legal representation of Phillips in this appeal, it passed constitutional muster because, as discussed above, Counsel's *Anders* brief is technically sufficient and neither of the arguments raised in the Petition for Review are meritorious. As for Counsel's legal representation of Phillips at the Board level, "the proper procedure for raising the issue of ineffective assistance of counsel [regarding that question] is to file a petition before the Board, even if the case is on appeal. The necessity of having the Board first consider the matter is that this court is not the proper forum to first raise the issue." *Scott*, 739 A.2d at 1145. Accordingly, Phillips cannot raise an ineffective assistance of counsel claim at this juncture, for reasons both substantive and procedural.

### III. Conclusion

In keeping with the foregoing analysis, we grant Counsel's Petition to Withdraw, deny Phillips' Motion to Amend, and affirm the Board's April 12, 2021 order.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Phillips,                         :
                    Petitioner           :
                                          :
        v.                                :   No. 523 C.D. 2021
                                          :
Pennsylvania Parole Board,                :
                    Respondent            :

# **O R D E R**

AND NOW, this 28th day of March, 2022, it is hereby ORDERED that we GRANT Jendi N. Schwab, Esquire's Petition to Withdraw as Counsel, DENY Petitioner Derrick Phillips' (Phillips) request for leave to file an Amended Petition for Review, and AFFIRM the Board's April 12, 2021 order.

_____
ELLEN CEISLER, Judge