505 A.2d 403

Michael Gillespie, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 3, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Michael Gillespie,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, February 28, 1986:

In this case, the Board of Probation and Parole (Board) has filed a motion to quash the petition for review[1] of Michael Gillespie (Petitioner) which asserts that the Board has unlawfully denied him the

---

[1] Although the petition was captioned as a mandamus action in our original jurisdiction, we have ordered that it should be treated as an appeal from the Board's refusal to grant parole. *See* 42 Pa. C. S. §763 and Pa. R.A.P. 1501.

right to be interviewed for release on parole. We will grant the Board's motion.

Petitioner's petition to us states that in January of 1985, while incarcerated at the State Correctional Institution at Dallas, he was given two misconducts for fighting and possession of a controlled substance as a result of which he was assigned to the restricted housing unit of the institution for 360 days. He further states that in July of this year he requested to be released to the general prison population and requested that he be interviewed for parole in September when his minimum sentence would expire. Both requests were denied by a parole officer. Petitioner was advised by the parole officer that prisoners are not eligible for release on parole while they are inmates in the restricted housing unit.

Petitioner contends that his request for parole has been arbitrarily and capriciously denied, that there is no statute, rule or regulation of the Board which authorizes the Board to deny parole applications solely because a prisoner is in a restricted housing unit and that he has a right to be interviewed by the Board at the expiration of his minimum sentence.

It is the Board's position that no application for parole had been filed with it, that it has six months to act on such applications when they are filed and that, in any event, the denial of petitioner's request for interview by the Board was within the Board's discretion which was reasonably exercised.

The matter is submitted to us on briefs.

The applicable statutory language is found in Section 22 of the Act of August 6, 1941 (Act), P.L. 861, *as amended*, 61 P.S. §331.22 which provides in pertinent part:

> The board shall have the power, subject to the provisions and limitations set forth in Section 21, to grant paroles of its own motion when-

ever in its judgment the interests of justice require the granting of the same. In addition thereto, the board shall have the power, and it shall be its duty, to consider applications for parole by a prisoner or by his attorney, relatives or friends or by any person properly interested in the matter. Hearings of applications shall be held by the board whenever in its judgment hearings are necessary. Reasonable rules and regulations shall be adopted by the board for the presentation and hearing of applications for parole: Provided, however, That whenever any prisoner is paroled by the board, whether of its own motion or after hearing of an application therefor, or whenever an application for parole is refused by the board, a brief statement of the reasons for the board's action shall be filed of record in the offices of the board and shall be at all reasonable times open to public inspection; in no case shall a parole be granted, or an application for parole be dismissed, unless a district supervisor shall have seen and heard him in person in regard thereto within six months prior to the granting or dismissal thereof. Applications shall be disposed of by the board within six months of the filing thereof.

Petitioner's petition for review, filed July 30, 1985, states that "[o]n July 11, 1985, plaintiff submitted an institutional request slip to Mr. Richard Manley, Parole Officer at SCI-Dallas, informing Mr. Manley that since plaintiff's sentence was changed, he would be eligible for parole in September, 1985, and therefore requested to be interviewed by the Board of Probation and Parole." There is disagreement between the Board and the Petitioner as to whether the petition pleads facts which, if accepted,

would indicate that Petitioner filed an application for parole.

We, of course, must not make any findings of fact in disposing of the Board's motion to quash. However, regardless of whether we accept Petitioner's averment that he submitted an "institutional request slip" or not, we must quash Petitioner's petition. If Petitioner did not submit such a slip, then obviously the Board has made no determination subject to this Court's review. If Petitioner did submit such a request slip, we feel that it must be considered an application for purposes of Section 22 of the Act. That section dictates that such applications "shall be disposed of within six months of the filing thereof." Petitioner complains that the Board has taken no action on his application. However, at the time Petitioner filed his petition with this Court, July 30, 1985, six months had not yet elapsed from the date Petitioner avers he submitted the request slip, July 11, 1985. The Board, if we for the moment accept the facts as Petitioner has pleaded them, had until January 11, 1986 to "dispose of" Petitioner's application.

In any event, no reviewable question has been presented to this Court. If Petitioner did not submit a request slip, there is nothing to review. If he did, the time period had not passed at the time Petitioner filed his petition. Now that January 11, 1986, has passed, it may be that the Board has yet to dispose of Petitioner's application. If that is the case, Petitioner must file a petition alleging that the six months has passed without a "disposition" by the Board.

We shall under no circumstances presume to indicate to Petitioner what legal steps he should take from this point. We will note, however, that under Pa. R.A.P. 1512, a petitioner has 30 days in which to appeal a decision by the Board to this Court. Because this opinion is being issued after January 11, 1986, the

date upon which the Board can be considered to have denied Petitioner's application if Petitioner's averments are accepted and if the Board has yet to take any action, if the Petitioner chooses to appeal he is granted 30 days from the issuance of this opinion in which to file a new petition for review.

### ORDER

The motion of the Board of Probation and Parole to quash the petition for review of Michael Gillespie is granted. Leave is granted to Petitioner to file a new petition for review within thirty (30) days from the date of this order, should it be his desire to do so.