567 A.2d 766

Daniel **GIDDINGS**, Petitioner,

**v.**

**Mr. Herman TARTLER, Chairman of The Pennsylvania Board of Probation and Parole, Mr. Thomas A. Fulcomer, Superintendent of State Correctional Institution at Huntingdon, Pennsylvania et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1989.

Decided Dec. 14, 1989.

Daniel Giddings, pro se.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondents.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Daniel Giddings moves for judgment on the pleadings in our original jurisdiction [1] on his petition for review in the nature of mandamus against Herman Tartler,[2] Secretary of the Pennsylvania Board of Probation and Parole, and Thomas Fulcomer,[3] Superintendent of the State Correctional Institute at Huntingdon (respondents). Respondents move for summary judgment in this matter.

Giddings' pro se petition for review, filed August 3, 1988, seeks a parole interview from the board. Giddings is presently serving two concurrent four-and-one-half-to-ten-year sentences in the SCI at Huntingdon, the minimum term having expired on October 9, 1985. Giddings' petition

1. The proper procedure is to name the board as respondent. This mandamus proceeding falls under our original jurisdiction. Section 761 of the Judicial Code, 42 Pa.C.S. § 761.

2. Giddings' petition incorrectly listed Tartler as the board's Chairman. Both Fred Jacobs, the board's actual Chairman, and Tartler have considered themselves to be the respondents in this matter.

3. Superintendent Fulcomer is not an officer within the meaning of 42 Pa.C.S. § 761. *Gillespie v. Department of Corrections*, 106 Pa.Commonwealth Ct. 500, 502 n. 2, 527 A.2d 1061, 1062 n. 2 (1987), *appeal denied*, 518 Pa. 614, 540 A.2d 535 (1988). However, on the basis of pendent jurisdiction, we will not bifurcate the case.

averred that he filed an application for a parole interview with the board on or before August 3, 1988.

According to the affidavit of respondent Tartler, the board received Giddings' letter regarding a parole interview on August 4, 1988. The board replied to this letter on August 12, 1988, acknowledging receipt of Giddings' letter. The board's reply letter further stated that Giddings' letter would become part of his file to be reviewed upon his release from the facility's restricted housing unit (RHU). The board's policy provides that an inmate in the RHU cannot be granted a parole interview until released into the facility's general population.

The respondents filed preliminary objections to the petition on September 16, 1988, which Giddings answered on November 9, 1988. This court overruled the respondents' preliminary objections,[4] stating that Giddings' petition "produced sufficient facts from which the Court can infer an application has been filed." Memorandum and Order at p. 2.

On January 19, 1989, the respondents answered the petition, denying Giddings' averment that he applied for parole on or before August 3, 1988. In view of respondent Tartler's acknowledgement of a letter received on August 4, 1988, the denial may relate only to the date.

In new matter, the respondents averred that on February 12, 1986, the board sua sponte[5] interviewed Giddings for parole, which the board denied because of Giddings' previous acts of misconduct at the facility.

Giddings timely replied to respondents' new matter, but failed to deny the respondents' averment in new matter

4. For reasons unknown, Giddings' August 4, 1988 letter to the board has not been made part of the record. However, this court, in overruling the respondents' preliminary objections, relied on the board's reply letter of August 12, 1988, to support Giddings' petition factually.

5. Although the board may consider inmates for parole on its own initiative, the board is under no duty to consider an inmate for parole without a parole application. *Weyand v. Pennsylvania Board of Probation and Parole,* 94 Pa.Commonwealth Ct. 32, 503 A.2d 80 (1986).

regarding receipt of an application by the board. On April 26, 1989, Giddings filed his motion for judgment on the pleadings. The respondents followed with their motion for summary judgment on June 26, 1989.

Under Pa.R.C.P. No. 1034, a motion for judgment on the pleadings is exclusively limited to the pleadings themselves; no other outside material may be considered. *Beardell v. Western Wayne School District*, 91 Pa.Commonwealth Ct. 348, 496 A.2d 1373 (1985). Likewise, under Pa.R.C.P. No. 1035, a summary judgment motion puts in issue the pleadings, depositions, answers to interrogatories, admissions, and affidavits. *Yakowicz v. Costigan*, 17 Pa. Commonwealth Ct. 287, 331 A.2d 238 (1975). Both types of motions summarily dispose of a case before trial where there exists no genuine issue of fact and which entitles the moving party to judgment as a matter of law. *Beardell.*

*Gillespie v. Pennsylvania Board of Probation and Parole*, 95 Pa.Commonwealth Ct. 321, 505 A.2d 403 (1986), *appeal denied*, 515 Pa. 588, 527 A.2d 547 (1987), controls our disposition of this case.

In *Gillespie v. Pennsylvania Board of Probation and Parole*, the petitioner filed a petition for review in the nature of mandamus with this court, asserting that the board had unlawfully denied him the right to a parole interview. This court quashed the petition, stating that the petitioner sought relief prematurely under Section 22 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.22. *Gillespie v. Pennsylvania Board of Probation and Parole*, 95 Pa.Commonwealth Ct. at 324, 505 A.2d at 404.

Section 22, in relevant part, states as follows:

The board shall have the power, subject to the provisions and limitations set forth in Section 21, to grant paroles on its own motion whenever in its judgment the interests of justice require granting the same. In addition thereto, the board shall have the power, and it shall be its duty, to consider applications for parole by a prisoner or by his

attorney, relatives or friends or by any person properly interested in the matter. Hearings of applications shall be held by the board whenever in its judgment hearings are necessary.... *Applications shall be disposed of by the board within six months of the filing thereof.* (Emphasis supplied)

In the present case, because the board's August 12, 1988 reply letter suggested that the board treated Giddings' letter as an application, the court finds that an application has been filed.

However, Giddings filed this petition within a day of the date he sent his application to the board.

In *Gillespie v. Pennsylvania Board of Probation and Parole,* this court, in interpreting section 22, stated that an applicant must allow the board six months to dispose of the application before seeking judicial relief. Once this period has elapsed, the applicant must file a petition alleging a board violation of the six-month provision in section 22. *Gillespie v. Pennsylvania Board of Probation and Parole,* 95 Pa.Commonwealth Ct. at 324, 505 A.2d at 404–05.

Because Giddings filed his petition prematurely, no reviewable question has been presented to this court on the present pleadings. Hence, Giddings' motion for judgment on the pleadings will be denied.

However, following the procedure set forth in *Gillespie v. Pennsylvania Probation and Parole,* because this opinion is being issued after February 3, 1989, the date upon which the six-month period elapsed on Giddings' application, if the board has not yet taken action on the application, we grant Giddings thirty days from the issuance of this opinion to file an amended petition for review, with updated averments.

The respondents' motion for summary judgment will be dismissed as premature, without prejudice as to later renewal.

## ORDER

NOW, December 14, 1989, petitioner's motion for judgment on the pleadings is denied. Leave is granted to

petitioner to file an amended petition for review with updated averments within thirty days from the date of this order, or this case shall be dismissed as of course.

The respondents' motion for summary judgment is dismissed as premature, without prejudice as to later renewal.