575 A.2d 971

**William L. MARSHALL, Petitioner,**

**v.**

**Fred W. JACOBS, Chairman of Pennsylvania Board of Probation and Parole, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 16, 1990.

Decided June 4, 1990.

William L. Marshall, pro se.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and COLINS, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

The salient issue in this case is whether an application for parole filed more than six months before the minimum parole eligibility date is premature and a nullity, thus relieving the Pennsylvania Board of Probation and Parole from the duty of reviewing that particular application.

This case is within the original jurisdiction of this court and involves William L. Marshall's petition for review [1] challenging the board's failure to act on Marshall's application for parole in timely fashion.

The undisputed facts are that on June 7, 1988, Marshall filed an application for parole with board chairman Fred W.

---

1. Marshall originally filed a "petition for a writ of mandamus," but by per curiam order of this court dated September 21, 1989, the writ is being treated as a petition for review.

Jacobs (also listed as a respondent). At the time of his filing, Marshall was indefinitely confined in the restricted housing unit (RHU) of the State Correctional Institution at Huntingdon.

On July 12, 1988, the board notified Marshall that he would not be reviewed for parole until sometime in January, 1989, because his earliest possible parole (minimum) date was not until March 20, 1989. Marshall then received notice on January 11, 1989, that the board continued generally his application for parole. On January 24, 1989, the board, citing "the Board's policy," notified Marshall that he would not be interviewed for parole until he returned to the general population of Huntingdon.

Marshall commenced this cause of action against Chairman Jacobs and the board on September 18, 1989, challenging the board's failure to review Marshall's application within the six-month period mandated by § 22 of the Parole Act[2] and its policy to deny parole consideration to inmates with RHU status.

Marshall contends that he is entitled to summary judgment because the board has denied him the statutory right of having his parole application considered. Additionally, Marshall requests "special relief" from this court in the form of an order prohibiting Chairman Jacobs from "retaliating" against Marshall because Marshall pursued this cause of action.

■ The board's response is that, because Marshall filed his application more than six months before the expiration of the minimum term of imprisonment, the application was premature, and therefore it was a nullity, which the board had no duty to consider. As for Marshall's special relief request, the board asserts no such relief is warranted because nothing in the record indicates that Chairman Jacobs has any intention of retaliating against Marshall for any reason.

Section 22 provides, in relevant part, that

2. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.22.

in no case shall a parole be granted, or an application for parole be dismissed, unless a district supervisor shall have seen and heard him in person in regard thereto within six months prior to the granting or dismissal thereof. Application shall be disposed of by the board *within six months of the filing* thereof. Except in cases where the Pardon Board has reduced a minimum term by commutation, the board shall initially act on the application, if possible, before the expiration of the minimum term so fixed, and in no case more than *thirty days thereafter.* (Emphasis added.)

An application for parole *can* be considered before the date an inmate becomes eligible for parole. *Banks v. Pennsylvania Board of Probation and Parole,* 4 Pa.Commonwealth Ct. 197 (1971).

In *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa.Commonwealth Ct. 90, 461 A.2d 342 (1983), this court held that the board could not make an objective evaluation of an application received eighteen months before the applicant became eligible for parole. However, there is no authority indicating the earliest date in which the board can or must objectively evaluate an application for parole.

A parole applicant's early filing should not operate to compel premature action by the board, i.e., make a decision *too* soon before the minimum date.

In view of the six-month time requirement in Parole Act § 22, an application filed within less than six months before the minimum date surely would not be premature. As to filings earlier than that, an application filing time which gives the board six months to reach a decision, plus *sufficient time* to implement a release on parole pursuant to such decision, would also be not too soon. However, this court does not know how much additional time constitutes such a "sufficient time" in advance of release.

Regulations of the board, not court decisions, would be the proper vehicle by which to declare the earliest acceptable filing date.

However, here, because Marshall filed his application in excess of nine months before his minimum parole date, we cannot avoid concluding that such a filing was so soon that the board could not properly evaluate the application. Furthermore, the board cannot be expected to retain and revive every parole application received more than six months before the applicant's minimum parole date. Therefore, the board properly treated Marshall's application as premature and void.

Although the record indicates that the board did initiate some type of interviewing process on Marshall, the board had no duty to interview Marshall, because his application was premature.

Additionally, because Marshall's application was a nullity, his argument against the board's policy to deny parole consideration to inmates with RHU status is irrelevant and need not be addressed at this time.

Finally, because the record does not indicate that Chairman Jacobs has retaliated or intends to retaliate in any way against Marshall, Marshall's request for special relief is without merit.

Accordingly, Marshall's petition for review is dismissed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.

## ORDER

NOW, June 4, 1990, the petition for review in the above-captioned matter is dismissed.