**Gennaro RAUSO, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBA-TION AND PAROLE, Kathleen Zwierzyna, Secretary, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 2000.
Decided Nov. 13, 2000.

Gennaro Rauso, petitioner, pro se.

Robert A. Greevy, Harrisburg, for respondent.

Before McGINLEY, Judge, FRIEDMAN, Judge, and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

■ Gennaro Rauso (Rauso) has filed a Petition for Writ of Mandamus (Petition) in this court's original jurisdiction and an Application for Special or Summary Relief (Application), claiming that the third sentence of section 22 of the Act commonly known as the Parole Act[1] violates the ex post facto clause of the U.S. Constitution.[2] The Pennsylvania Board of Probation and Parole (Board) has filed a preliminary objection in the nature of a demurrer.

Rauso is serving a five-to-ten-year sentence in the State Correctional Institution

---

1. Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.22.

2. The third sentence of section 22 of the Parole Act states: "However, the [Pennsylvania Board of Probation and Parole] shall not be required to consider nor dispose of an appli- cation [for parole] by a prisoner or his attorney where a parole decision has been issued by the [B]oard on that case within one year of the date of the current application for parole." 61 P.S. § 331.22.

at Graterford (SCI–Graterford). When Rauso completes this state sentence, or is released on parole, Rauso must serve a federal sentence of four years under supervised release. (Petition, paras. 6, 9–10.)

Rauso's minimum term of confinement with respect to his state sentence expired on September 30, 1998. Anticipating his eligibility for parole at the end of September 1998, Rauso applied for parole in April 1998. However, on September 22, 1998, the Board denied the application. In May or June 1999, the Board once again considered releasing Rauso on parole. However, on July 20, 1999, the Board decided to deny parole to Rauso. (Petition, paras. 7, 13, 14.)

On March 25, 2000, Rauso sent a letter to the Board, asserting that: (1) he was formally applying for parole; (2) any delay in the granting of parole by the Board would extend his federal sentence because Rauso cannot receive credit towards his federal sentence as long as he remains incarcerated; (3) the rule requiring a prisoner to wait one year from the date of the last parole decision before re-applying for parole violates the ex post facto clause of the U.S. Constitution; (4) because the one-year waiting rule is unconstitutional, the Board should dispose of his application within six months; and (5) if the Board fails to do so, Rauso will initiate a court action. (Petition, Rauso's 3/25/00 letter.)

In a letter dated April 12, 2000, the Board responded to Rauso's March 25, 2000 letter. The Board advised Rauso that the Board need not consider a prisoner's parole application where the Board has issued a decision with respect to that prisoner within the past year. The Board then stated that it issued a decision on April 12, 2000, the date of the letter, to review Rauso's application in or after July 2000. (Petition, Board's 4/12/00 letter.)

On April 24, 2000, Rauso filed his Petition with this court, seeking an order requiring the Board to consider his March 25, 2000 application. Rauso also filed his Application, alleging that there are no factual disputes and that, because the one-year rule with respect to parole applications violates the ex post facto clause, Rauso is entitled to a writ of mandamus. The Board filed a demurrer, arguing that the one-year rule does not violate the ex post facto clause.[3]

"For a law to be ex post facto it must impose a punishment for an act which was not punishable at the time it was committed or impose additional punishment to that then prescribed." *Myers v. Ridge*, 712 A.2d 791, 795 (Pa.Cmwlth. 1998). Here, Rauso received a five-to-ten-year state sentence for a particular act.[4] The one-year rule set forth in section 22 of the Parole Act has not imposed any additional punishment on Rauso for that act.[5] Rauso is still serving his five-to-ten-year sentence, and Rauso still may apply for

3. In ruling upon a preliminary objection in the nature of a demurrer, we must accept as true all well-pleaded allegations of material fact and all inferences reasonably deducible therefrom. *Myers v. Ridge*, 712 A.2d 791 (Pa. Cmwlth.1998). However, we need not accept the following as true: conclusions of law, unwarranted inferences, argumentative allegations or expressions of opinion. *Id.* "The test is whether it is clear from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief." *Id.* at 794.

4. Rauso does not identify the offense for which he received the state sentence.

5. Rauso argues that the one-year rule set forth in section 22 of the Parole Act imposes an additional punishment on him because, until the Board paroles him from his state sentence, he cannot begin serving his federal sentence. To the extent that Rauso believes he is entitled to be released on parole to serve his federal sentence, he is mistaken. Under Pennsylvania case law, parole is not a right; rather, it is a matter of grace. *Myers.* "The Board has been granted broad discretion in parole matters and what the Board decides, and why, [is] ... wholly a matter of the Board's discretion...." *Id.* at 794.

parole at any time.[6] If the Board finds, after review of the application, that the application warrants consideration, the Board may consider and dispose of it.

Thus, we sustain the Board's preliminary objection in the nature of a demurrer, deny Rauso's Application and dismiss Rauso's Petition.

## ORDER

AND NOW, this 13th day of November, 2000, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole is sustained. In addition, Petitioner's Application for Special or Summary Relief is denied, and Petitioner's Petition for Writ of Mandamus is dismissed.

---

6. We note that Rauso misconstrues section 22 of the Parole Act to mean that, when the Board has denied a prisoner's application for parole, the prisoner may not re-apply for parole until a year has passed. However, it is clear that, under section 22 of the Parole Act, a prisoner may file a parole application at any time, but, if the Board has issued a parole decision on the same case within a year of the application date, the Board has discretion in deciding whether to consider and dispose of it.