IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamie Brown,               :
              Petitioner       :
              :
      v.                     :    No. 312 M.D. 2022
              :    Submitted: May 12, 2023
Pennsylvania Board of Probation       :
and Parole,                   :
              Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: February 1, 2024

Jamie Brown (Brown) has filed a petition for review purporting to seek mandamus relief in this Court's original jurisdiction. Brown contends that the 2020 amendment of the Prisons and Parole Code, Section 6139(a)(3.3),[1] constitutes a violation of the *ex post facto* clause of the United States and Pennsylvania Constitutions,[2] and he further challenges various procedural aspects of the Pennsylvania Parole Board's (the Board)[3] February 3, 2022 decision. In response, the Board has filed preliminary objections, asserting that it is not a proper party, that

---

[1] *See* Prisons and Parole Code, 61 Pa.C.S. § 6139(a)(3.3), *as amended* by the Act of November 25, 2020, P.L. 1219, No. 124 (the Code).

[2] U.S. Const. art. I, § 9, cl. 3; Pa. Const. art. I, § 17.

[3] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

Brown failed to exhaust statutory remedies, and by demurrer.[4] We overrule the Board's preliminary objections averring that it is not a proper party and that Brown failed to exhaust his administrative remedies, and we sustain the objection by demurrer. Accordingly, we dismiss Counts I and IV from Brown's petition for review.

## I. BACKGROUND[5]

In 2001, Brown was convicted of third-degree murder and received a sentence of 20 to 40 years of incarceration.[6] He is incarcerated at the State Correctional Institution Forest (SCI-Forest) in Marienville, Pennsylvania.[7] He has extensively but unsuccessfully litigated his conviction in both state and federal courts. According to Brown, he has served his minimum sentence and is eligible for parole. However, the Board has repeatedly denied Brown's parole request based on the nature of the charges, his refusal to accept responsibility for the crime, and his lack of remorse.[8]

The Board denied Brown's application for parole on December 17, 2020. *See* Notice of Bd. Decision, 12/17/20, at 1. This denial informed him that he

---

[4] On September 29, 2022, this Court overruled the Board's preliminary objection to improper service following Brown's compliance with the service requirements of Pa.R.A.P. 1514. *See* Order, 9/29/22.

[5] We base the statement of facts on the bare assertions alleged in the petition for review. *See* Pet. for Review, 5/27/22. Additionally, Brown attached several documents as exhibits to his petition. *See Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (observing that courts reviewing preliminary objections may not only consider the facts pleaded in the petition for review, but also any documents or exhibits attached to it).

[6] Although it is unclear from Brown's pleadings, it appears that his minimum sentence date was March 17, 2021. *See* Notice of Bd. Decision, 12/17/20, at 2 (recognizing Brown's maximum sentence date as March 17, 2041).

[7] Per the mailing address on attached correspondence, Brown is incarcerated at SCI-Forest.

[8] Although Brown avers that the Board has denied repeatedly his applications for parole, he has attached only a single decision of the Board. *See* Pet. for Rev., ¶ 1; Notice of Bd. Decision.

could apply for parole one year after the date of the denial. At some point, Brown filed a petition for administrative review because the Board informed Brown that the decision was a parole refusal, and there is no right to request administrative review of a parole decision. *See* Bd. Correspondence, 3/2/21.

Brown again applied for parole in January 2022. However, the Board responded by letter dated February 3, 2022, and informed him that the Board was

not required to consider his application until three years from the date of the prior denial, citing in support 61 Pa.C.S. § 6139(a)(3.3).[9, 10]

[9] Section 6139(a)(2) requires the Board to consider applications for parole. 61 Pa.C.S. § 6139(a)(2). Section 6139(a)(3) provides that the Board need not consider nor dispose of an application for parole if it has issued a parole decision on the case within the prior year. *Id.* § 6139(a)(3). On November 25, 2020, the General Assembly added Section 6139(a)(3.3)(i)-(ii), which provides:

> (i) Notwithstanding the provisions of paragraphs (2) and (3), if a parole decision has been issued by the board within three years of the date of the current application, the board shall not be required to consider nor dispose of an application by an inmate or an inmate's attorney in the case of an inmate sentenced under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses):
>> Section 2502(c) (relating to murder).
>> Section 2503 (relating to voluntary manslaughter).
>> Section 2901(a.1) (relating to kidnapping).
>> Section 3011(b) (relating to trafficking in individuals).
>> Section 3012 (relating to involuntary servitude).
>> Section 3121 (relating to rape).
>> Section 3122.1(b) (relating to statutory sexual assault).
>> Section 3123 (relating to involuntary deviate sexual intercourse).
>> Section 3124.1 (relating to sexual assault).
>> Section 3124.2(a.1) (relating to institutional sexual assault).
>> Section 3125 (relating to aggravated indecent assault).
>> Section 3126(a)(7) (relating to indecent assault).
>> Section 4302(b) (relating to incest).
>
> (ii) Nothing under this paragraph shall be interpreted as granting a right to be paroled to any person, and a decision by the board and its designees relating to a person sentenced to an offense as set forth under this paragraph may not be considered an adjudication under 2 Pa.C.S. Chs. 5 Subch. A and 7 Subch. A.

*Id.* § 6139(a)(3.3)(i)-(ii). Subsequently, this section was amended to replace the word "inmate" with "offender." *See id.*

[10] It appears that this amendment was in effect when the Board denied Brown's application for parole on December 17, 2020, and that the Board erroneously informed Brown that he could apply for parole again in one year. *See* Notice of Bd. Decision at 1. This apparent error does not impact our analysis.

On February 23, 2022, Brown filed a timely petition with the Board, purporting to seek administrative relief.[11] It is unclear from the petition for review or the documents provided whether the Board responded to that petition.

Brown then filed this petition for review, asserting four counts: (1) 61 Pa.C.S. § 6139(a)(3.3) constitutes an *ex post facto* punishment; (2) the Board mailing its decision to a third-party address in Florida violated Department of Corrections policies and deprived him of the right to timely challenge the decision; (3) the Board's decision did not contain findings and reasoning for the denial in violation of "existing laws requiring agencies to place reasons" in writing and that such a failure prevents an appellate tribunal from making an appropriate determination; and (4) the Board's denial unlawfully compelled Brown to continue serving his term, unlawfully extended his sentence, and deprived him of the enjoyment of parole, in violation of the Pennsylvania and United States Constitutions. *See* Pet. for Rev., ¶¶ 7-21. The Board filed preliminary objections, which we address seriatim.[12]

## II. DISCUSSION

When reviewing preliminary objections to petitions for review in our original jurisdiction, we "must treat as true all well-pleaded, material and relevant facts together with any reasonable inference[s] that can be drawn from those facts." *Cnty. of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 539 n.7 (Pa. Cmwlth. 2019) (citations omitted). We are not required to accept as true "conclusions of law, unwarranted inferences from facts, expressions of opinion or argumentative

---

[11] Brown asserts that he had 30 days to challenge the Board's conduct and was prevented from timely filing, but the documents provided reflect that he filed his petition 20 days after the decision.

[12] Brown's brief in response to the Board's objections was due October 31, 2022. *See* Order, 12/9/22. On December 9, 2022, this Court issued an order directing Brown to file his brief on or before December 27, 2022, or we would proceed without his brief. *See id.* As of the date of the filing of this opinion, Brown has not filed a brief.

allegations." *See id.* "[W]here any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.*" Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006).

### A. Improper Party[13]

Initially, the Board objects that it is an improper party to this action. *See* Prelim. Objs., ¶¶ 8-10. According to the Board, it lacks any interest in implementing the law, pointing to the statutory language used in the amended Section 6139, which provides that the Board "shall not be required to consider nor dispose of an application by an offender" for a specified period. *See id.*

A "demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law[.]" *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (cleaned up). "When ruling on a demurrer, a court must confine its analysis to the [petition for review]." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). The demurrer "admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom." *Id.* "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Ord. of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). We sustain a demurrer only when the law undoubtedly precludes recovery; if doubt

---

[13] In support of this preliminary objection, the Board cites Pa.R.Civ.P. 1028(a)(4). This Court has considered whether the attorney general was an improper party in the context of a demurrer. *See Golden Triangle News, Inc. v. Corbett*, 700 A.2d 1056, 1060 (Pa. Cmwlth. 1997). More recently, this Court sustained a preliminary objection that the Governor was an improper party to an action under Pa.R.Civ.P. 1028(a)(5). *See Pa. Env't Def. Found. v. Commonwealth*, 285 A.3d 702, 709 (Pa. Cmwlth. 2022).

exists, we should overrule the demurrer. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005).

The interest in enforcing and defending a statute "belongs to the government official who implements the law." *Allegheny Sportsmen's League v. Ridge*, 790 A.2d 350, 355 (Pa. Cmwlth. 2002). In this context, our courts have interpreted "implements the law" as the party who has "a duty or obligation" to enforce or defend the challenged statute. *See City of Pittsburgh v. Commonwealth*, 535 A.2d 680, 683 (Pa. Cmwlth. 1987), *aff'd*, 559 A.2d 513 (Pa. 1989).

In *Allegheny Sportsmen's League*, several petitioners filed a petition for review seeking declaratory and injunctive relief, alleging that the state was violating the Pennsylvania Uniform Firearms Act of 1995[14] by maintaining a handgun sales database. *See Allegheny Sportsmen's League*, 790 A.2d at 351-52. The petition for review named, as respondents, the Governor of Pennsylvania in his official capacity, the Commissioner of the Pennsylvania State Police in his official capacity, and the Pennsylvania State Police. *See id.* The Commonwealth filed preliminary objections, asserting that the Governor was not a proper party to the action because, although he is charged with "the broad enforcement responsibility" to ensure that the laws of this Commonwealth are "faithfully executed, the interest in enforcing and defending the act in question belongs to the government official who implements the law." *See id.* at 355. This Court sustained the objection and dismissed the Governor from the suit, holding that the State Police were charged with administering and enforcing the Firearms Act. *See id.* Further, the Court noted that the "executive interest" was adequately represented by the State Police Commissioner as an authorized delegate. *See id.*

---

[14] 18 Pa.C.S. §§ 6101-6128.

7

Instantly, the Board is an independent administrative board established for the purpose of granting and revoking paroles to certain offenders in the Commonwealth. *See* 61 Pa.C.S. § 6111(a). The Board consists of nine members appointed by the Governor, presided over by a Board chairperson. *See id.* §§ 6111-6112. The Board is charged, with respect to offenders, with the exclusive power to (1) "parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a State correctional institution"; (2) establish "special conditions of supervision for paroled offenders"; and (3) "promulgate regulations establishing general conditions of supervision applicable to every paroled offender." *See id.* § 6132(a)(1)-(4).

Although it is correct that Section 6139(a)(3.3) provides that the Board need not consider an offender's application for three years following its last parole decision, if the offender has been convicted of certain enumerated offenses, the Board retains the exclusive power of enforcement and implementation of parole and the regulations thereof. *See id.* § 6132(a)(1)-(4). Thus, the Board is the "government official" charged with the ultimate responsibility of enforcing and administering the provisions of the Code relating to parole "as well as defending the act." *See Allegheny Sportsmen's League*, 790 A.2d at 355. Accordingly, we overrule the objection as stated. *Pa. State Lodge, Fraternal Ord. of Police*, 909 A.2d at 416.

## B. Failure to Exhaust Statutory Remedies

Next, pursuant to Pa.R.Civ.P. 1028(a)(7), the Board objects that Brown has failed to exhaust his administrative remedies. *See* Prelim. Objs., ¶¶ 11-13. According to the Board, the plain language of the Code provides the Board with six

8

months to dispose of "an application." *See id.* (citing 61 Pa.C.S. § 6139(a)(7)).[15] The Board suggests that because six months had not elapsed between Brown's filing of his petition for administrative relief on February 23, 2022, and his petition for review to this Court, filed May 27, 2022, Brown has failed to exhaust his administrative remedies.[16] *See id.* ¶¶ 11-13.

This Court has previously explained that "[t]he doctrine of exhaustion prohibits prospective parties to administrative agency actions from bypassing that process and challenging the administrative action directly in the courts." *See Gardner v. Dep't of Env't Res.*, 658 A.2d 440, 445 (Pa. Cmwlth. 1995). It is "more efficient" to "allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its expertise and exercise its discretion," as well as to allow the agency an opportunity to correct its own mistakes. *See id.* Thus, the doctrine of exhaustion promotes agency autonomy. *See Merriam v. Phila. Hist. Comm'n*, 777 A.2d 1212, 1219 (Pa. Cmwlth. 2001).

Instantly, we reject the Board's assertion that Brown filed an application for parole subject to 61 Pa.C.S. § 6139(a)(7). Rather, in his petition for review, Brown asserts that amendments to Section 6139(a) deprived him of an opportunity to file applications for parole annually and that this deprivation imposes unconstitutional *ex post facto* punishment. *See* Pet. for Rev., ¶¶ 7-12.

In addition to its errant reliance on Section 6139(a)(7), the Board cites several cases. *See* Prelim. Objs., ¶¶ 11-13. Upon review, these cases are inapposite, as all concern *applications for parole* rather than petitions seeking some other form

---

[15] Section 6139(a)(7) provides that "[t]he [B]oard shall dispose of an application within six months of its filing." *See* 61 Pa.C.S. § 6139(a)(7). The Board interprets this language to encompass all applications for relief submitted to the Board. *See* Prelim. Objs., ¶¶ 11-13.

[16] Six months from February 23, 2022, is August 23, 2022.

of administrative review. *See, e.g.*, *Gillespie v. Pa. Bd. of Prob. & Parole*, 505 A.2d 403 (Pa. Cmwlth. 1986) (quashing a petition for review filed in this Court less than six months after an inmate's request for a parole interview, which the Board viewed as an application for parole); *Giddings v. Tartler*, 567 A.2d 766 (Pa. Cmwlth. 1989) (denying an inmate's motion for judgment on the pleadings because his underlying petition for review was filed in this Court merely one day after his application to the Board); *Marshall v. Jacobs*, 575 A.2d 971 (Pa. Cmwlth. 1990) (dismissing a petition for review because an inmate had filed an application for parole approximately nine months before his minimum parole date and was, thus, premature).[17]

The Board has misconstrued Brown's claim and failed to cite relevant authority to support its preliminary objection. Section 6139(a)(7) of the Code is not applicable to Brown's claim, and the Board has not identified any relevant administrative process of which Brown has failed to avail himself. Accordingly, we overrule the objection as stated. *Pa. State Lodge, Fraternal Ord. of Police*, 909 A.2d at 416.

### C. Demurrer – Failure to State a Claim

Finally, the Board objects that mandamus relief is unavailable to Brown. *See* Prelim. Objs., ¶¶ 14-16. We discern two bases for this demurrer. First, according to the Board, it was not required to consider his application for parole. *See id.*, ¶¶ 14-15. Because its consideration of Brown's application was discretionary, the Board asserts that Brown cannot establish a clear right to relief.

---

[17] The cited cases refer to an outdated version of the Code, Section 22 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. § 331.22, repealed by the Act of August 11, 2009, P.L. 147. Both the prior version of the Code and the current version of the Code, however, provide that (1) the Board has the power to grant parole on its own or applications for parole by an offender or offender's attorney and (2) the Board shall dispose of "an application" within six months of its filing. *See* Section 22 of the Parole Act, formerly 61 P.S. § 331.22 (repealed); 61 Pa.C.S. § 6139.

*See id.* Second, according to the Board, Section 6139(a)(3.3) is not an unconstitutional *ex post facto* law. *See id.*, ¶¶ 15-16.

"A proceeding in mandamus is an extraordinary action at common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Bronson v. Pa. Bd. of Prob. & Parole*, 421 A.2d 1021 (Pa. 1980); *see also Leonardo v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 156 M.D. 2021, filed Mar. 17, 2023) (unpublished mem.).[18] "Mandamus will not lie in a purely discretionary act." *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001).

### 1. Mandamus and the Board's Discretion

The Board has been granted broad discretion in parole matters. *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322 (Pa. 1999). Because the grant or denial of parole is discretionary, claims related to decisions of the Board are not normally suited to review by mandamus. *Coady*, 770 A.2d at 290. The Pennsylvania Supreme Court has explained further that "while a court may direct that discretion be exercised, it may not specify *how* that discretion is to be exercised nor require the performance of a particular discretionary act." *Id.* (emphasis in original). "Thus, mandamus will not lie where the substance of the [B]oard's discretionary action is the subject of the challenge." *Id.*

Regarding the Board's first basis for this demurrer, we briefly note the following. The Board has correctly asserted that the grant or denial of parole is a

---

[18] This Court's memorandum opinions are not binding precedent but may be cited for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a); *see also, e.g.*, *Johnson v. Pa. Bd. of Prob. & Parole*, 300 A.3d 525, 528 (Pa. Cmwlth. 2023) (citing several unreported decisions for the settled rule that an appeal from a revocation order is moot upon the expiration of a parolee's maximum term).

discretionary act and that, accordingly, mandamus cannot compel a grant of parole. *See id.* Nevertheless, the Board has misconstrued Brown's claims. Brown does not aver that he filed an application for parole or that such application was denied. His principal averments are that recent amendments to Section 6139(a) have deprived him of the right to apply for parole, that this deprivation constitutes an *ex post facto* violation, and that this violation sounds in mandamus. Pet. for Rev., ¶ 12. Therefore, we overrule this objection as stated. *See Coady*, 770 A.2d at 290; *Pa. State Lodge, Fraternal Ord. of Police*, 909 A.2d at 416.

### 2. *Ex Post Facto* Violations

Our Supreme Court has recognized a limited exception to the general rule that parole matters are ill-suited to mandamus review. "Where . . . discretionary actions and criteria are not being contested but rather the actions of the [B]oard taken pursuant to changed statutory requirements are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the *ex post facto* clause."[19] *Coady*, 770 A.2d at 290; *see Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1233 (Pa. Cmwlth. 2021); *Leonardo*, slip op. at 9-10.

A prohibited *ex post facto* law "imposes a punishment for an act which was not punishable at the time it was committed or imposes additional punishment to that then prescribed." *Cimaszewski v. Pa. Bd. of Prob. & Parole*, 868 A.2d 416, 422 (Pa. 2005) (cleaned up); *Toland*, 263 A.3d at 1233; *Leonardo*, slip op. at 10.

---

[19] Section 9 of Article I of the United States Constitution provides that "[n]o . . . *ex post facto* Law shall be passed." U.S. Const. art. I, § 9, cl. 3 (emphasis added). Section 17 of article I of the Pennsylvania Constitution states that "[n]o *ex post facto* law . . . shall be passed." Pa. Const. art. I, § 17 (emphasis added).

There are two critical elements: (1) the law must be retrospective, and (2) it must disadvantage the offender.[20] *Cimaszewski*, 868 A.2d at 423.

The first element is clearly met. Brown was convicted of third-degree murder in 2001. In November 2020, the General Assembly amended procedural requirements relevant to the parole of inmates convicted of certain enumerated offenses, including murder in the third degree. *See* 61 Pa.C.S. § 6139(a)(3.3). The Board relied on these amendments when it informed Brown that it was not required to consider his serial application for parole within three years of a prior disposition. Thus, because the amendments apply to Brown's parole eligibility, they are retrospective. *See Cimaszewski*, 868 A.2d at 423; *see also, e.g.*, *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499 (1995) (finding 1981 amendments to parole code retrospective when applied to the respondent, who was convicted of murders in 1971 and 1980 and became eligible for parole in 1990).

For the second element, an inmate must establish that the change in the law "creates a significant risk of prolonging his incarceration." *Cimaszewski*, 868 A.2d at 427. There is no precise definition of what constitutes a sufficient risk of increased punishment, but "speculative and attenuated possibilities of increasing punishment . . . do not suffice." *Id.* Thus, where a new rule "by its own terms" does not show a significant risk of increased punishment, an inmate must demonstrate "by evidence drawn from the rule's practical implementation, that its retroactive application would result in a longer period of incarceration than under the earlier rule." *Id.* (cleaned up).

---

[20] The *Cimaszewski* Court relied on *Weaver v. Graham*, 450 U.S. 24 (1981). In *Weaver*, the United States Supreme Court clarified that "a law need not impair a 'vested right' to violate the *ex post facto* prohibition." 450 U.S. at 29.

Here, Brown does not plead that he can provide the requisite evidence that he faces a significant risk of an increase in punishment by application of the Section 6139(a) amendments. *See generally* Pet. for Rev. Even viewed in the light most favorable to Brown, we infer no intent by Brown to plead a fact-intensive inquiry as envisioned by the *Cimaszewski* Court. *See generally id.* Rather, Brown proceeds from a mistaken premise that the amendments prohibit him from submitting an application for parole. For example, Brown avers that he "is entitled to the issuance of mandamus from this Court to compel [the] Board to refrain from denying him the entitlement to apply for parole review/consideration based on the recent enactment of [Section] 6139, *supra*." *Id.*, ¶ 10. He further admits that he "does not have any right to being paroled by [the] Board, he does, by being eligible for the same, have the right to apply for parole." *Id.*, ¶ 12. Thus, Brown seemingly views the plain terms of the Section 6139(a) amendments as punitive because those amendments purportedly impede his right to apply for parole.

Of course, Brown is mistaken. Nothing in the amendments to Section 6139(a) altered, hindered, or otherwise prohibited Brown or any other similarly situated inmate from applying for parole. Moreover, nothing in these amendments precludes the Board from considering Brown's application for parole filed less than three years after a prior denial. Absent evidence demonstrating that the practical implementation of Section 6139(a)(3.3) results in a longer period of incarceration, we conclude that the amendments merely grant the Board greater discretion in reviewing serial applications for parole.

In support of its demurrer, the Board cites *Rauso v. Pennsylvania Board of Probation and Parole*, 762 A.2d 774 (Pa. Cmwlth. 2000). In that case, the petitioner was serving a 5-to-10-year sentence in state custody, which was to be

14

followed by four years of federal supervision. *Rauso*, 762 A.2d at 774-75. The petitioner applied to the Board for parole so he could begin accruing credit toward his federal sentence, but the Board denied him parole more than once. *See id.* at 775. Following one of his applications, the Board responded to the petitioner by letter explaining that pursuant to former Section 22 of the Code,[21] the Board would defer any consideration of the petitioner's latest application until one year had elapsed since its last parole decision. *See id.*

The petitioner then sought mandamus relief in this Court, asserting that former Section 22 violated the *ex post facto* clause. *Id.* The action was premised upon the petitioner's apparent belief that he was entitled to parole as soon as he had reached his minimum sentence date and that any delay incurred due to the Board's reliance on former Section 22 impermissibly increased his punishment. *See id.* The *Rauso* Court summarily rejected his claim, noting that the petitioner "is still serving his [5-to-10-year] sentence." *Id.* Because the *Rauso* Court did not consider the most recent amendments to Section 6139(a) and because it offered little substantive analysis, it provides little persuasive value to this case.

More recently, however, this Court considered a similar petition for review in *Leonardo*. In that case, a prisoner was serving a sentence for rape and involuntary deviate sexual intercourse. *See Leonardo*, slip op. at 2. After reaching his minimum sentence, the prisoner twice applied for parole, and the Board denied his applications. After the second denial, the legislature amended Section 6139(a) to include subsection (3.3). Following a third application, the Board informed the

---

[21] Former Section 22 of the Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. § 331.22 (repealed). Although it is unclear from the *Rauso* Court's analysis, it appears that former Section 22 added the one-year deferral period after judgment of sentence was imposed on Rauso.

prisoner of the new, three-year deferral period and declined to review his application. *See id.* at 2-3.

The prisoner filed a petition for review in mandamus, asserting that Section 6139(a)(3.3) violated the constitutional prohibition against *ex post facto* laws. *See id.* at 3-5. According to the prisoner, the new deferral period unlawfully extended his incarceration. *See id.* at 9. As in *Rauso*, the Court rejected this claim. *See id.* at 9-11. The *Leonardo* Court observed that, although a prisoner's minimum sentence date triggers parole eligibility, his "actual sentence . . . is his maximum sentence." *Id.* at 12 (cleaned up). Thus, in applying Section 6139(a)(3.3), "the Board did not inflict a new or greater punishment than he was originally given." *Id.* The *Leonardo* Court further observed that Section 6139(a)(3.3) did not alter the criteria for evaluating a prisoner's suitability for parole. *See id.* at 12-13 (discussing *Morales*, 514 U.S. at 507).

Here, Brown has not claimed that Section 6139(a)(3.3) has altered criteria for securing a reduction in his sentencing range, nor do we discern any factual allegations that would support such a claim. *See generally* Pet. for Rev. Nevertheless, we note that in support of its denial of Brown's parole in December 2020, the Board considered Brown's "institutional behavior, including reported misconducts"; his "risk and needs assessment"; a "negative recommendation made by the Department of Corrections"; "reports, evaluations and assessments/level of risk indicat[ing] [his] risk to the community"; his "minimization/denial of the nature and circumstances of the offense(s) committed"; his "refusal to accept responsibility for the offense(s) committed"; his "lack of remorse for the offense(s) committed"; "the negative recommendation made by the trial judge"; and "the negative recommendation made by the prosecuting attorney." Notice of Bd. Decision at 1

16

(capitalization removed). Nothing in Section 6139(a)(3.3) alters these considerations.

Accordingly, because Brown cannot state a claim for mandamus relief on these grounds, we sustain the preliminary objection. *Bilt-Rite Contractors, Inc.*, 866 A.2d at 274.

### III. CONCLUSION

For the foregoing reasons, we overrule the Board's preliminary objections contending that it is an improper party and that Brown failed to exhaust his statutory remedies. We sustain the preliminary objection by demurrer. Accordingly, we dismiss Counts I and IV from Brown's petition for review.[22]

 

LORI A. DUMAS, Judge

---

[22] The Board's preliminary objections did not address Brown's second and third counts, namely, that the Board erred by mailing his decision to a third-party address and by failing to support its decision with reasons in writing. *See* Pa.R.Civ.P. 1028(b) (requiring all preliminary objections to be raised at one time); *see also* Pa.R.Civ.P. 1032 (a party waives all objections which are not presented by preliminary objection, answer, or reply); *see also* Pa.R.A.P. 1516(b) (noting that every pleading filed after an original jurisdiction petition for review shall be filed within 30 days after service of the preceding pleading).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamie Brown,                           :
                    Petitioner         :
                                       :
          v.                           :    No. 312 M.D. 2022
                                       :
Pennsylvania Board of Probation        :
and Parole,                            :
                    Respondent         :

# **O R D E R**


AND NOW, this 1st day of February, 2024, the Pennsylvania Parole Board's (Board) preliminary objections alleging that it is an improper party to this appeal and that Jamie Brown (Brown) failed to exhaust administrative remedies are OVERRULED. The Board's preliminary objection by demurrer is SUSTAINED. Counts I and IV are DISMISSED from Brown's petition for review. The Board shall file an answer to the remaining counts within 30 days of the date of this order.

LORI A. DUMAS, Judge